CASE 49.—ACTION BY THE HIGHLAND REALTY COMPANY
AGAINST CHARLES I. GROVES TO ENJOIN THE
ERECTION OF A STABLE.—November 17.

# Highland Realty Co. v. Groves

Appeal from Jefferson Circuit Court (Chancery
Branch, Second Division).

SAMUEL B. KIRBY, Circuit Judge.

Judgment for defendant. Plaintiff appeals.—Reversed.

1. Deeds — Restrictions — Validity.—While conditions imposing a
   restraint on the free use or alienation of realty are looked on
   with disfavor, they are upheld when not repugnant to a
   plain provision of the law and not unreasonable.
2. Deeds—Restrictions—Validity.—Deeds conveying adjacent lots
   purchased by the same grantee at different times and by
   independent transactions are not evidence of one transaction,
   and neither deed can be enlarged or restricted by what may
   have been said between the parties anteceding its execution.
3. Deeds—Construction — Extraneous Circumstances. — It is im-
   proper to inquire into the surroundings or extraneous cir
   cumstances to aid in the construction of an unambiguous deed.
4. Deeds — Restrictions — Construction.—Restrictions in convey-
   ances of land by an owner platting a tract into lots and
   streets, stipulating that the property shall only be used for
   residence purposes, and no residences costing less than $3,000
   shall be erected, do not permit the erection of a stable alone
   on a lot, though a stable in connection with a residence on a
   lot may fall within the term residence purposes.
5. Deeds—Restrictions—Enforcement.—Where an owner platted
   land into lots and streets, and sold the lots subject to building
   restrictions enumerated in the deeds, the covenants ran with
   the land, and were mutual, inuring to the benefit of all the
   purchasers.
6. Deeds—Restrictions—Validity.—Restrictions in conveyances of

lots by an owner platting a tract into lots and streets, stipulating that the propety shall only be used for residence purposes, and no residence costing less than a specified sum shall be erected, are not unreasonable, and the courts cannot reject them.

7. Deeds—Restrictions—Construction.—An owner platting a tract into lots and streets conveyed a lot by deed containing building restrictions. Subsequently he conveyed to the same purchaser an adjacent lot by deed, stipulating that the lot should be used for residence purposes, and that no residence costing less than $3.000 should be erected. thereon. Held, that the purchaser could· not erect a stable on the adjacent lot, though used in connection with the first lot, on which his residence was located.

JOHNSON & HIEATT for appellant.

## POINTS AND AUTHORITIES.

1. The covenant in appellee's deed prohibits the erection of anything other than such a residence as is prescribed therein anywhere upon the lot. (Roberts v. Porter, 100 Ky., 130.)

2. Even though the covenant be construed to permit the erection of a stable as an incident to a residence, the erection of a stable alone independent of a resident on the lot cannot be permitted. (Blakemore v. Stanley, 159 Mass., 6; McGregor v. Linney, 27 Ohio Cir. Ct. Rep., 429.)

3. The deed of August 8, 1908 is a complete contract in itself and must be construed as it is written .and not together with the deed of June 5, 1908, with which it has no connection. (Worland v. Secrest, 106 Ky., 711; Acetylene Gas Light Co. v. Hardesty, 112 S. W., (Ky.) 847; Cyc. of Pleading and Prac., vol. 13, p. 614.)

R. C. and J. J. DAVIS for appellee.

## POINTS AND AUTHORITIES.

1. Stable is not nuisance. (Hyden v. Terry, 32 Ky. Law Rep., 1198; Albany Christian. Church v. Wilburn, 23 Ky. Law Rep., 1820.)

2. Stable is incident to use of property for residence purposes. (Blakemore v. Stanley, 159 Mass., 6.)

3. Restrictions in deeds as to use of property strictly construed. (Hutchinson v. Ulrich, 21 L. R. A., 303.)

4. Residence includes ground around it and appurtenant thereto. (Hedley v. Leonard, 35 Mich., 76; Ashton v. Ingle, 20 Kan., 670,

27 Am. Rep., 197; Wharton v. Bunting, 73 Ill., 16; Carter v. Branson, 79 Ind., 14.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Reversing.

The appellant laid out a subdivision on the outskirts of the city of Louisville, beyond the city limits, but practically being a part of the urban property. It laid out streets, alleys, and courts, and cut up into lots the property so platted. Many of the lots have been sold to purchasers for residence purposes. The scheme was widely advertised that none but well-appointed residences would be allowed in the subdivision, and that no other class of buildings would be suffered. In the deeds to each lot sold a condition was imposed that the purchaser should not use the lot for any but residence purposes, and expressly forbidding its sale or use for certain other purposes. It was also provided that none but a residence to cost not less than the amount specified in each deed should ever be erected upon the lot. In this way it was believed the desirability of the lots would be enhanced, as all would thereby be insured immunity from the encroachment of an undesirable class of tenements and occupations which are thought to depreciate the selling value of purely residence properties. Appellee purchased one of these lots with a similar restriction contained in the deed as to its use. Subsequently he purchased of the same vendor, the appellant, an adjoining lot, being on the corner of Kenilworth Place and Hampden Court. In the deed to the latter lot was this condition: "Party of the second part, as part of the consideration of this conveyance, hereby binds himself, his heirs and his assigns, not to use the property herein conveyed except for residence purposes, and that any residence

erected thereon shall not cost less than three thousand dollars, and shall not be built nearer to Hampden Court than the residence now on said lot No. 18, block No. 3, and the second party binds himself, his heirs and assigns not to sell or rent said property to persons of African descent, nor to permit same to be used for the sale of malt, spirituous, or vinous liquors for a period of fifty years.'' At the time appellee purchased the last named lot from appellant it was unimproved. Appellee then resided, and yet resides, on the adjoining lot, which he had previously bought from appellant. There is not a fence or other marked line between the two lots. Appellee began the erection of a stable on the lot last purchased, building it near the pavement line on Kenilworth Place. The dimensions of this lot are 40 feet by 180 feet. Appellant, still owning a number of lots in the same block as well as in adjacent blocks, brought this action in equity against appellee, suing on its own behalf and on the behalf of its vendees who had bought lots adjoining or in the immediate vicinity all upon similar conditions to that imposed in appellee's deed, and many of whom had built residence on their lots at or above the minimum cost allowed by the deeds, seeking to enjoin the erection of the stable. Upon final hearing the chancellor refused the injunction.

While such conditions as impose a restraint upon the free use or alienation of real estate are looked upon with disfavor by the courts, and are rather strictly construed, inasmuch as they detract from the freest use of the fee simple, and are annoying to owners and intending purchasers, being somewhat at variance, too, with the system in vogue in this country which regards real estate as an article of commerce, still they are upheld when not repugnant to some plain

provision of the law, and are not unreasonable in them-
selves.  Hutchinson v. Uhlrich, 145 Ill. 336, 34 N. E.
556, 21 L. R: A. 391; Blakemore v. Stanley, 159 Mass.
6, 33 N. E. 689; Roberts v. Porter, 100 Ky. 130, 37 S.
W. 485, 18 Ky. Law Rep. 650; Washburn on Ease-
ments and Servitude, 58.  The question here is the
construction of the clause quoted above, containing the
condition.  It is contended by appellee, and seems to
have been the view of the chancellor below, that what
was said between the parties upon the occasion when
appellee bought the first lot, and the fact that he now
owns both lots, using the one first purchased as a resi-
dence lot, and the second in connection therewith, that
the covenants in the two deeds should be read together.
These two deeds in no sense evidence parts of one
transaction.  The two lots were bought at different
times, and in independent transactions.  Neither deed
can be enlarged or restricted by what may have been
said between the parties  antedating its execution.
This suit is not for a reformation of the deeds upon
the ground of mistake or fraud. Nor does there appear
in this record ground for such claim.  Each deed
must, therefore, be interpreted according to its own
terms alone, and, as they are not ambiguous, it is
unnecessary and would be improper to inquire into the
surroundings or extraneous circumstances for aid in
its construction.

Appellee insists that as a stable is not a nuisance
per se (Hyden v. Terry, 108 S. W. 241, 32 Ky. Law
Rep. 1198; Albany Christian Church v. Wilborn, 112
Ky. 507, 66 S. W. 285, 23 Ky. Law Rep. 1820), and as
his is a suburban residence, and his profession, that
of a physician, that a stable under such circumstances
is a residence purpose, and the building of the stable
is not a violation of the covenant in the deed.  If the

residence required by the condition in the deed had been first erected, a stable to be used in connection with it might fall within the term "residence purposes." (Blakemore v. Stanley, supra). But it can scarcely be maintained that a stable alone fulfills the condition of residence purposes. That which is allowed as an incident of a principal right should follow in order of time, if it is not contemporaneous, else as the grantor here could not ever compel the erection of the dwelling house, the stable alone would be upon the lot, in spite of the condition to the contrary. That such a structure, though not a legal nuisance, might be so objectionable as to offend the taste of the near neighbors and affect the values of adjoining or adjacent properties, is easy to be conceived. It was precisely such conditions that were sought to be avoided by appellant and those who had previously purchased from it. The covenants run with the land, and are mutual, inuring to the benefit of all appellant's vendees. Nor do they appear to be unreasonable so as to cause their rejection by the courts.

Appellee's contention that he is using the 40-foot lot for residence purposes by building a stable on it to be used in connection with the 100-foot lot on which his residence is located must be rejected. When he covenanted not to use the 40-foot lot for any but residence purposes, it was contemplated by the language that the residence and such incidental use as went with it should all be upon that lot.

Judgment reversed, and cause remanded, with instructions to grant and perpetuate the injunction prayed for.