## Anderson v. Henslee et al.

(Decided November 27, 1928.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Covenants.—Building restrictions, like other restrictions upon the free alienation of property, are strictly construed against the one seeking enforcement.

2. Covenants.—Building restrictions, if reasonable in their terms, are uniformly upheld and given effect in accordance with the intention of the parties, and should be given reasonable construction.

3. Provision in deed that conveyance was subject to existing restrictions against property, and that "no more than two single family residences can be erected on the property herein conveyed," held to preclude erection of apartment building.

4. Covenants.—Building restriction on use of property conveyed is generally imposed for benefit of common grantor's remaining property only, and is usually enforceable only by grantor and subsequent grantees of remaining property.

5. Covenants.—Owner of property may convey entire tract or subdivision with restriction for benefit of common grantees, notwith-

standing rule of construction that restriction is generally imposed for benefit of grantor's remaining property only.

6. Covenants.—To ascertain whether restrictive condition in deed is inserted for benefit of grantor alone, or for benefit of common grantees, the intention of the parties must be ascertained from the instrument itself in the light of surrounding circumstances.

7. Covenants.—Covenant in deed restricting property conveyed to two single family residences held to inure to benefit of remote grantee of part of the property as against grantee of other part after its subdivision, so as to prevent erection of apartment house, where grantor's remaining property was on other side of the court, in unrestricted district.

WOODWARD, WARFIELD & HOBSON for appellant.

BATSON, CAREY & WELCH for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Plaintiff sued to prevent the erection of an apartment house on the lot adjoining her residence lot, relying on a building restriction embraced in the deed of a common grantor. Defendants admitted their purpose to be to erect an apartment building with 16 family apartments, but denied that the construction of such building violated the terms of the restriction or that the restriction inured to plaintiff's benefit. On final hearing the chancellor denied plaintiff any relief and dismissed her petition. She appeals.

Summarizing the events leading up to the matter in issue, it appears that the Parsons Realty Company acquired a parcel of land 382.4 feet in width lying between Alta avenue and Bonnycastle avenue in the city of Louisville for the purpose of subdivision. It bisected this land by a court connecting the two streets. This court ran from northwest to southeast, though this opinion may be simplified by treating it as running east and west. The old Parsons residence occupied by Mrs. Gail B. Parsons was located on the corner lot west of Alta avenue and north of the court. No map was made of this subdivision by the Parsons Realty Company, but lots were sold therefrom from time to time and various building restrictions imposed. It appears that no such restrictions against apartments were placed in any of the conveyances to lots sold on the north side of the court, and several apartment buildings have been and are being constructed on those lots without objection, but that in all the convey-

ances of lots on the south side some such restriction was imposed, and these may be noted in chronological order.

By separate deeds executed on May 14th and June 1, 1912, the Parsons Realty Company conveyed to Harry and Nellie H. McKnight 60 feet lying on the south side of the court, each deed embracing the following restrictions:

> "The property herein conveyed shall be used for residence purposes only, and only one private dwelling shall be erected on said lot."

This property is now owned and occupied as a residence by one Myer, and the building restrictions have been respected. On June 1, 1912, the Parsons Realty Company sold the 65 feet lying west of the Myer property to Emma D. Edinger with the following restriction:

> ". . . The second party agrees that fifty feet of the sixty-five feet herein conveyed shall be used as one lot on which to erect a dwelling not an apartment house."

The second party was authorized to purchase 35 feet additional and to treat the extra 50 feet as a single lot subject to the same restrictions. The property is still owned by Miss Edinger, who has a residence thereon, and the restrictions have been observed. On October 23, 1912, the Parsons Realty Company conveyed to James T. Duffy 100 feet lying west of the McKnight lot and extending to Bonnycastle avenue with the following restrictions:

> "The property herein conveyed shall be used for residence purposes only and only one private dwelling shall be erected on said lot."

Subsequent deeds incorporated this restriction by reference, and it has been respected by the owners; the present owner, W. G. Gillette, having his residence thereon. The remaining 158½ feet lying south of the court, together with certain properties lying north of the court, was conveyed to Mrs. Gail B. Parsons by the Parsons Realty Company without restriction, and on the 13th of August, 1926, Gail B. Parsons conveyed the 158½ feet south of the court to L. Jacobson with the restriction:

> "This conveyance is made subject to the existing restrictions against said property, and the fur-

ther restrictions that any residences erected on the property herein conveyed shall cost not less than $15,000.00, and no more than two single family residences can be erected on the property herein conveyed; that said 'property shall never be. used for business purposes and shall never be sold or rented to negroes or to persons of African descent; that any improvements erected on the lots herein conveyed shall face. Parsons court and set back at least thirty feet from the .property line of said court, and that no frame finish shall be used on any improvements erected on said lot; that no dwelling shall be erected on a lot having a width of less than fifty feet.''

In September following, Jacobson and wife conveyed plaintiff, Julia H. Anderson, 65 feet of this land lying next to the Edinger property, the conveyance being made ''subject to existing restrictions against said property,'' and later in a deed of correction made of the same property the parties adopted these covenants and the grantee agreed to perform them.  Plaintiff has since erected a $15,000 residence thereon, in which she is now living.  On February 19, 1927, Jacobson and wife conveyed the remaining 93 feet at the corner of the court and Alta avenue constituting the lot in controversy to Morris Levitz, etc.; the conveyance being made ''subject to existing restrictions against the land conveyed.''  On June 7, 1927, the vendees in this deed conveyed the same land to the defendants C. A. Henslee, Mabel Henslee, C. H. Knebelkamp, and Audrye Knebelkamp, D. S. Borden and Sibyl Borden, and A. M. Smock without any restrictions.  The above-described conveyances embrace all the land south of the court.

The chancellor expressed a doubt as to whether the wording of the restriction would embrace apartment houses; but, passing that question, was of the opinion that the restriction was for the exclusive benefit of Mrs. Gail. B. Parsons' lands and did not inure to the benefit of the lands of Mrs. Anderson, and dismissed her petition.  We find it necessary to consider both questions. Building restrictions, like other restrictions upon the free alienation of property, are strictly construed against the one seeking their enforcement.  But if reasonable in their terms they are uniformly upheld and given effect in accordance with the intention of the parties.  Ma-

gowan v. Young, 188 Ky. 74, 221 S. W. 234; Highland Realty Co. v. Groves, 130 Ky. 374, 113 S. W. 420; Starck v. Foley, 209 Ky. 332, 272 S. W. 890, 41 A. L. R. 756.

Appellees concede that a condition prohibiting the erection of an apartment building upon a lot in a residence block is not in itself an unreasonable restriction, but insist that the restriction was inserted in the deed for the exclusive benefit of the grantor's remaining property; and second, if applicable to grantees' lot, it was not intended to prevent the erection of apartment houses, but was merely intended to prevent a division of this property into a large number of very small lots upon which cheap cottages might be erected; and insist that the restriction, "not more than two single family residences can be erected on the property herein conveyed," means, not that the property must be used solely for single family residences, but that if it is used for that purpose not more than two such residences shall be erected thereon. And we will first consider the latter contention.

The conveyance to Jacobson contemplated a division of the property. It also imposed restrictions upon all the property conveyed according to a common plan and in harmony with similar conditions in former deeds to other lots in the same block and which have been carefully observed by other purchasers. It clearly contemplated that the property should be used for single family residences and that not more than two of these should be erected thereon. No one will contend that an apartment building containing 16 separate apartments is a single family residence, and the natural construction is that it was intended to exclude such buildings. If, as claimed by appellee, the restrictive words merely limited the number of single family residences to be erected on the property and did not exclude the erection of an apartment building, then by a parity of reasoning it might be said that there was no limit placed on the number of apartments that might be erected thereon. But the parties were not doing a vain thing, and the restriction should be given a reasonable construction that will effectuate their intention, not a strained construction that renders the condition abortive.

Appellees rely on McMurtry v. Phillips Investment Co., 103 Ky. 308, 45 S. W. 96, 40 L. R. A. 489. In that case it was held that an apartment is a building "used

for residence purposes" and not prohibited by a condition in a deed reading, "the property herein conveyed shall be used for residence purposes only." But that case does not hold that an apartment is "a single family residence," and is otherwise authority against appellee's contention. Thus the opinion cites and quotes with approval Gillis v. Bailey, 21 N. H. 149, in which a restriction against the construction of an apartment house was upheld, saying:

> "The language was sufficiently explicit to prohibit the erection of flats or apartment houses. The language was, 'In order that the buildings erected thereon may not be crowded together, but may each be surrounded by a space of open ground, and for this purpose, it has been agreed that only one single dwelling house with a shed, barn, or other buildings requisite for the use of same, shall be erected, etc.' "

No valid distinction can be drawn between the phrase, *"Not more than two single family residences,"* as used in this case, and the words, *"Only one single dwelling house,"* as used in the Gillis case, except in the number of family residences permitted.

(2) The other insistence is that the restriction was imposed for the benefit of the common grantor's remaining property only, and does not inure to the benefit of appellee. Where the facts warrant, such is the uniform holding in this state. Graham v. Hite, 93 Ky. 474, 20 S. W. 506; Feinberg v. Board of Education, 210 Ky. 737, 276 S. W. 823; Crutcher et al. v. Moffett, 205 Ky. 444, 266 S. W. 6. We quote from the latter:

> "The authorities are collected in an exhaustive note to Stevenson v. Spivey, 21 A. L. R. 1288, and the general rule is there stated in these words: 'A very common purpose of restrictions as to the use of property conveyed is to benefit land retained by the grantor. Where the owner sells a part of his premises, and imposes a restriction on the purchaser, by which the lands retained will be benefited, the transaction is sufficient to show an intention, that the restriction is for the benefit of the lands retained, and the grantor or his subsequent grantee can enforce it.' "

And in a number of cases we have held that such conditions are covenants running with the land. See Crutcher v. Moffett, supra, and cases cited.

This, however, is a rule of construction, not of property, and does not control the manifest intention of the parties as expressed in the deed; nor conflict with the principle that an owner may convey all his property for subdivision with a restriction for the benefit of the common grantees. In order to ascertain whether the condition is inserted for the benefit of the grantor alone or for the benefit of such grantees, the intention of the parties must be ascertained from the instrument itself in the light of the surrounding circumstances. No doubt the Parsons Realty Company or Mrs. Parsons while the owner of this property could have enforced the restrictions in the deeds to other lots made prior to the sale to Jacobson. But in that sale she parted with her title to all the property lying south of the court. Her residence was in the block north of the court, and no apartment house restriction was included in any of the deeds to property on that side of the court; hence it cannot be thought that such restrictions were inserted for the benefit of her remaining property, a circumstance which clearly distinguishes this case from Graham v. Hite. It is not claimed that she intended this restriction for her personal benefit. And as it clearly appears that the parties contemplated a division of this property and inserted building restrictions to apply to each lot after the division substantially similar to those theretofore imposed upon grantees in prior deeds for other lots lying in that block, it is evident that this was in pursuance of a common plan and intended for the common benefit of the purchasers of such lots. Similar restrictions have been upheld when inserted in deeds under a general plan of a subdivision, and no reason appears why the same rule should not apply to a two-lot subdivision. Hartt v. Rueter, 223 Mass. 207, 111 N. E. 1045; Lacentra v. Valeri, 244 Mass. 404, 138 N. E. 388; Hart v. Little, 103 Misc. Rep. 620, 171 N. Y. S. 6; Bouvier v. Segardi, 112 Misc. Rep. 689, 183 N. Y. S. 814; Clark v. Martin, 49 Pa. 289.

In the latter case the court said:

"It is not because a plan is deranged that the court interferes, but because rights are invaded, or about to be; and this fact may exist in a plan of two

lots, as well as in one of 200. The plan often furnishes the proof of the terms on which sales were made; but the fact of the alleged terms is as effective when proved by a single deed as when proved by a plan.''

We conclude that the restriction in question inured to the benefit of Mrs. Anderson's lot and that the chancellor erred in not granting her relief.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.