# Will et ux. v. Garfein.

(Decided February 12, 1929.)

WM. A. SHUMATE, JR., and CHARLES R. MILES for appellants.

STANLEY GARFEIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

Joe Orr Will and wife, Winifred Will, and Louise Garfein are adjoining property owners in Sil's subdivision, Fourth addition, in the Highlands of Louisville, Jefferson county. The deeds under which they hold contain the following building restrictions:

"The party of the second part, his successors and assigns covenant and agree as a part of the consideration of this conveyance, that he will erect on said lot a bungalow or two story building and that the front line of such building, including porches, or other projections, shall set back a distance of not less than thirty feet from the front property line on May avenue (now Page avenue), and that said improvements, except necessary outbuildings, shall be used for residence purposes only. It is also a part of the consideration of this conveyance that said property shall never be sold or rented to any person or persons of African descent." Some time after their purchase, the Wills constructed on their premises a small chicken house similar to others in the neighborhood. In the autumn or early winter of 1927 they built a chicken house much larger than any in the neighbor-

hood. They claimed that this was planned and constructed upon the most scientific principles, and that its operation is not attended with any disagreeable features. Later on the Wills began the erection of another chicken house to take the place of the original house which had been torn down. The new house was much larger than the one torn down, but not as large as the second chicken house which had been completed a few months before. While the chicken house was being built, Mrs. Garfein brought this action against the Wills to enjoin them from erecting or maintaining any chicken houses on their property. On final hearing the chancellor enjoined the erection of the third chicken house, but refused to require the removal of the large chicken house which had been completed for several months. From that judgment defendants appeal, and plaintiff is prosecuting a cross-appeal.

Other questions are discussed, but the only question we need determine is whether there has been a breach of the covenant restricting the use of the property. At the time the case was submitted the Wills had on their premises about 75 chickens, and, as stated by the chancellor, would have had about 50 more had he not forbidden them to refill their incubator. Though it be true that Mr. Will is engaged in the lumber business, and that is his principal occupation, it is also true that he not only supplies eggs and chickens for his own family, but sells them to his neighbors. The Sil subdivision was established for residence purposes. With this end in view, the building restrictions contained in each of the deeds limited the improvements, "except necessary outbuildings," to such as were used for residence purposes only. Therefore, the case turns on whether the chicken houses in question are necessary outbuildings. While the word "necessary" may not have been used in its strict sense of absolute indispensability, yet there is no escape from the conclusion that the parties, by employing the words "necessary outbuildings," plainly intended to confine the outbuildings to such as are usually appurtenant to a residence and essential to its comfortable enjoyment as a home. Doubtless, a small chicken house no larger than is required for the purpose of raising and fattening a few chickens for the family use would fall within the definition. The unusual size and capacity of the houses in question, together with their use for commercial purposes, make it certain that they go far beyond the requirements of the ordinary home. We are therefore of the

opinion that the two chicken houses in question are not necessary outbuildings within the meaning of the covenant. Ruprecht v. Nicholson (Cal. App.) 261 P. 1026. It is true that the second or large chicken house was constructed without protest on the part of appellee, but such forbearance, considered in the light of the amount of money involved, and all the attendant circumstances, cannot be regarded as sufficient to work an estoppel. We are therefore forced to the conclusion not only that the action of the chancellor in enjoining the erection of the third chicken house was proper, but that he should have gone further and have required the removal of the large chicken house.

Wherefore, the judgment is affirmed on the original appeal, and reversed on the cross-appeal, with directions to enter judgment in conformity with this opinion.