## Adams et al. *v.* Field et al., Appellants.

248

Argued May 13, 1929. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*Henry J. Scott,* with him *Joseph A. Kean* and *Harry
E. Apeler,* for appellants.—The agreed facts did not es-
tablish a general building scheme, which complainants
could enforce: Crofton v. Church, 208 Pa. 209; DeSan-
no v. Earle, 273 Pa. 265; Satterthwait v. Gibbs, 288 Pa.
428; Ladner v. Siegel, 294 Pa. 360.

Complainants were not adjoining lot owners and were
not entitled to enjoin defendants: Landell v. Hamilton,
et al., 175 Pa. 327; St. Andrew's Lutheran Church's
App., 67 Pa. 512; Muzzarelli v. Hulshizer, 163 Pa. 643;
Clark v. Martin, 49 Pa. 289.

*Walter B. Saul,* of *Saul, Ewing, Remick & Saul,* with him *Edmund R. Finegan,* for appellees.—There is sufficient evidence to support the chancellor's finding that the restrictions were imposed on each lot for the benefit of all other lots as a part of a general building scheme for a residential development: Fletcher v. Bien, 283 Pa. 517; Harmon v. Burow, 263 Pa. 188; Drucker v. Russell, 279 Pa. 443.

OPINION BY MR. JUSTICE SIMPSON, July 1, 1929:

The owner of a tract of land, which included the properties of plaintiffs and defendants, divided it into large lots and sold them to various purchasers. The deeds do not refer to a preëxisting plan of the tract, nor, so far as appears, was one recorded; but even a most casual reading of the descriptions in the deeds, will convince any one that the lots must have been sold according to a plan of some character. The owner's purpose was to have the tract improved by detached residences and their necessary stables and garages only, each to have an abundance of air and light; and this was accomplished by providing, in the deeds, that but one dwelling house should be erected on each lot, to cost not less than a specified large sum, and to be built at stated distances back from the established building lines; that certain classes of buildings should not be constructed on the properties; and that stables and garages should not be closer than a given distance from either the residence on the lot or the building line of the street upon which it fronted. In this case, we are concerned only with the requirement that nothing shall be constructed within a certain distance of the building line.

Plaintiffs' lots were sold first, their deeds providing that neither the grantees, nor their heirs and assigns, should ever erect any building upon "the thirty five feet in depth of the said hereby granted lot fronting on said Coulter Street, measured from the building line thereof." All the other properties in the block, on that side

of the street, were similarly restricted. Defendants' lot, which was directly opposite to plaintiffs', was sold subject to the same restriction, except that the recession was required to be only thirty feet. All the other properties within the block, on that side of the street, were likewise restricted, save that in two instances the recession was required to be thirty-five feet. In defiance of the restriction in their deed, defendants determined to erect a garage out to the building line of their property, and the decree of the court below, from which this appeal is taken, enjoins them from encroaching on the thirty feet strip specified in the restriction.

Defendants contend that because plaintiffs purchased first, they have no right to enforce the restriction in defendants' deed, there being no formal plan from which it could be inferred that there was an implied obligation, upon the part of the common grantor, to impose on the lots subsequently sold, the same general restriction as was inserted in the deeds for plaintiffs' lots. We are not concerned, however, with the duty of the common grantor, nor with determining whether or not defendants would have been impliedly bound if he had not inserted the restriction in their deed, for it was so inserted. Nor is it a matter of any particular moment that the deeds do not refer to a plan on which the lots were plotted, and that no such plan was recorded. In Clark v. Martin, 49 Pa. 289, we held, as stated in the syllabus, "that a general plan of lots need not be shown; such a plan being only one means of proof of the existence of the right and duty." So, too, we said (page 297) : "To whom then does he [defendant] owe the duty? No one doubts that it is to the grantor who reserved or imposed the duty, and to his heirs and assigns. But did the grantor reserve this duty to himself, his heirs and assigns, as a mere personal duty, and thus retain in himself, or them, the vain right of saying that lot is not mine, but the owner is subject to my pleasure in the mode of building upon it? Common sense forbids this,

and the law would not allow itself to be troubled with such vain engagements." The restriction in that case was, therefore, held to inure to the benefit of subsequent vendees of the other lots.

This conclusion has never since been doubted by us; indeed, it was cited with approval in Wimer v. Yellin, 286 Pa. 33, 35, and, in principle, finds support in many of our later cases, in the majority of which there does not appear to have been a formal plan: See Dewar v. Carson, 259 Pa. 599, 605; Hohl v. Modell, 264 Pa. 516; Phillips v. Donaldson, 269 Pa. 244, 249; Drucker v. Russell, 279 Pa. 443; and Lavan v. Menaker, 280 Pa. 591. So far has this rule been carried, in order to give a reasonable effect to the action of the common grantor, that we decided in Harmon v. Burow, 263 Pa. 188, that a "restriction that 'no structure of any kind shall be erected or permitted on said premises, or any part thereof, unless the plans for the same shall have been first submitted to and approved' by the grantor, or his legal representative, is a covenant running with the land......and inures to the benefit of other lot owners in a plan of lots in accordance with which the deed was made." We have no hesitancy, therefore, in holding that plaintiffs here have the right to insist that defendants shall not violate the restriction now being considered.

The only other point suggested by the statement of questions involved (which limits the scope of the appeal: Whalen v. Smith Fireproof Construction Co., 296 Pa. 10) is: "May relief be granted on a theory not averred in the bill?" The supposed variance consists in defendants' allegation that plaintiffs, by their bill, rested their right......on the theory that the restrictions in defendants' deed were for their benefit......[whereas the chancellor] based his adjudication on the theory of a building scheme." The bill avers, however, that the common grantor had divided the tract into building lots, according to "a uniform system, in order to protect the property as a restricted residential neighborhood, and to

restrict the buildings within certain limits at a uniform distance from the street so laid out, for the benefit of all the properties," and hence the intended violation of the restriction entitled plaintiffs to equitable relief. This averment the court below found to be true in fact, and upon it properly granted the relief sought.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.