## Biltmore Development Company v. Kohn.

(Decided June 5, 1931.)

BENJ. S. WASHER for appellant.

BENJ. F. WASHER and WALTER S. LAPP for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Biltmore Development Company is the owner of a lot in block 2 of what is known as Bonnycastle subdivision in Louisville, Ky., fronting 177½ feet on Everett avenue and 200 feet on Bonnycastle avenue, on which is located an 11-story apartment house known as the Commodore Apartments. On the rear of the lot there has been erected a large garage for the use of the tenants in the apartment house.

In August, 1930, the development company purchased lot 22, block 2, of Bonnycastle subdivision, which adjoins its lot on which the Commodore Apartments are located. Appellees Lee Kohn and Marion Kohn own lot 21, which adjoins lot 22. Each of these lots fronts 50 feet on Everett avenue, and on each lot is a residence. The development company proposed to erect a storage garage on the rear portion of lot 22 sufficiently large to contain more than twenty automobiles. The proposed garage was to be for the use of the tenants in the apartment building on the adjoining lot.

The appellees brought this suit, in which they asked that appellant be enjoined from erecting the proposed garage on lot 22, because its erection would violate cer-

tain restrictions contained in the deeds to all the lots in Bonnycastle subdivision, including lots 21 and 22. This restriction appearing in each deed was that the lot should "be used for residence purposes only." The case was submitted upon the pleadings, agreed stipulation of facts and the affidavit of Brent Altsheler, which by consent was read as his deposition. The chancellor held that the restriction on lot 22 was binding upon appellant, that appellees had a right to enforce the restriction, and judgment was entered enjoining appellant from proceeding with the erection of the garage.

The facts disclosed by the record are briefly these: On and prior to June 30, 1904, Mrs. Harriet Bonnycastle owned about 150 acres of land near Cherokee park in Louisville, Ky. By a power of attorney recorded in the Jefferson county clerk's office she appointed Brent Altsheler her attorney in fact to subdivide into lots, with appropriate streets and alleys, her tract of land of about 150 acres. He had a plat prepared which was recorded in the county clerk's office. Several hundred copies of the plat were made, which were used in an advertising campaign to sell the lots of the subdivision, and on each of which was printed in red ink a statement of restrictions, among which was the following: "Bonnycastle is for residence purposes only, being restricted against stores or business houses of any kind." The statement of restrictions did not appear on the plat recorded in the clerk's office.

Among the facts stipulated by agreement to be considered in evidence were the following:

"That all deeds executed by owners of the Bonnycastle Subdivision, conveying all of the lots as shown on said plat, contained as a provision in each deed the restriction that the property 'was to be used for residence purposes only.' That all mesne conveyances by purchasers of lots in said subdivisions are evidenced by deeds in which the same restriction is set forth. That the lot of plaintiffs, being Lot 21, in Block 2 has passed through several conveyances from the original owner of the subdivision to plaintiffs, and that in each deed the restriction aforesaid is found. Likewise, that lot 22 in Block 2 now owned by defendant, has passed by several conveyances from the original owner of the subdivision to the defendant, and in each deed the same restriction has been written into the deed;

that on Lot 21 there is now and since the said lot has
been improved, has always been a residence and the
lot used exclusively for residence purposes. Like-
wise, Lot 22 has been improved with a residence and
at no time used otherwise than for residence pur-
poses.''

It is urgently insisted by appellant that the appel-
lees cannot enforce the restriction appearing in the deed
to appellant and his predecessors in title, because there
are no restrictions in the recorded plat and nothing in
the deeds to lots 21 and 22 indicating that these lots were
mutually restricted for the benefit of each other, and,
further, because appellant had no notice of any general
plan or scheme. Under facts very similar to those in
the instant case it was held, in Anderson v. Henslee, 226
Ky. 465, 11 S. W. (2d) 154, 157, that a restrictive cove-
nant in a deed inures to the benefit of a remote grantee
of part of property as against grantee of the other part
where such was the intention of the parties as gathered
from the instrument itself in the light of the surround-
ing circumstances. In the Henslee case there was a
restrictive covenant common to all the deeds executed
by the common grantor. In the course of the opinion
it was said:

''As it clearly appears that the parties contem-
plated a division [of this property] and inserted
building restrictions to apply to each lot after the
division substantially similar to those theretofore
imposed upon grantees in prior deeds for other lots
lying in that block, it is evident that this was in
pursuance of a common plan and intended for the
common benefit of the purchasers of such lots. Sim-
ilar restrictions have been upheld when inserted in
deeds under a general plan of a subdivision, and no
reason appears why the same rule should not apply
to a two-lot subdivision.''

Where an owner of a tract of land subdivides it into
building lots and sells parcels thereof to separate gran-
tees, imposing restrictions in accordance with the gen-
eral plan or scheme for uniform development, such
restrictions inure to the benefit of the several grantees
and may be enforced by one of the grantees against any
other grantee. Anderson v. Henslee, supra; Korn v.
Campbell, 192 N. Y. 490, 85 N. E. 687, 37 L. R. A. (N. S.)
1, 127 Am. St. Rep. 925; Abbott v. Steigman, 263 Mass

585, 161 N. E. 596; Allen v. Barrett, 213 Mass. 36, 99 N. E.. 575, Ann. Cas. 1913E, 820; Storey v. Brush, 256 Mass. 101, 152 N. E. 225; Whitton v. Clark, 112 Conn. 28 151 A. 305; Town of Stamford v. Vuono, 108 Conn. 359, 143 A. 245; Adams v. Field, 297 Pa. 247, 146 A. 889; Tindolph v. Schoenfeld Bros., 157 Wash. 605, 289 P. 530. Here all the deeds in appellant's chain of title contained the restrictive covenant. The recorded plat shows that the lots in the immediate neighborhood of lots 21 and 22 were evidently intended to be used for residential purposes. All the lots in that neighborhood had been improved in a manner apparently in conformity with a general scheme or plan, and there had been no substantial change in the character and use of the territory. These circumstances were sufficient to bring home to appellant notice that a general scheme or plan had been adopted for the development and improvement of the property, and slight investigation on its part would have disclosed, that the deeds to all the property in the neighborhood contained restrictions similar to the one contained in its deed.

It is argued that a substantial change in the character and use of the property fronting on Everett avenue in block 2 of Bonnycastle subdivision has taken place and that the character of the territory has so changed that it is no longer residential, but preponderantly commercial. The facts are that two apartment houses have been built in the neighborhood and a few of the lot owners have erected on the rear of their lots two and three and in one instance a five-car garage, and sometimes rent the space not used by them. The erection of an apartment house did not violate a restriction limiting buildings to residences only. McMurtry v. Phillips Investment Company, 103 Ky. 308, 19 Ky. Law Rep. 2021, 45 S. W. 96, 40 L. R. A. 489. The erection of a garage on the rear of a lot slightly larger than the needs of the owner of the lot require may be a technical violation of the restrictive covenant, but not such a material violation as to change the residential character of the neighborhood.

It was alleged in appellant's answer that it was its purpose to build an apartment house on lot 22, and that the proposed garage would be incidental thereto, but, as said by the chancellor in his opinion, a garage on a restricted lot cannot be justified as incidental to a residence that is not in existence, nor can it be justified as incidental to an apartment building located on an adjoin-

ing lot. Highland Realty Company v. Groves, 130 Ky. 375, 113 S. W. 420.

It is finally insisted that, because appellees were parties plaintiff in the case of Wobb et al. v. Hach, which was tried in the Jefferson circuit court, chancery branch, second division, and in which the plaintiffs sought to enjoin Hach from erecting a plumbing shop on the rear of his lot which adjoins the Kohn lot and of the acquiescence of the appellees in the judgment of the chancellor in that case refusing an injunction, they are now estopped from seeking to prevent appellant from using its property for other than residential purposes. The record in the case of Wobb v. Hach has been filed with and made a part of the record in this case, and a reading of it fails to show that the use made by Hach of his lot constituted a substantial violation of the restriction contained in his deed. He erected a small building on the rear of his lot, to be used partly as a garage and partly as a storage place for a small amount of material used in his business, but in no sense was it to be used as a place of business which the public visited. Furthermore, appellees were not required to prosecute an appeal in that case in order to absolve them from the charge of acquiescence. At most the violations of the restrictive covenant by Hach and other lot owners in the neighborhood were slight, and acquiescence in slight and inconsequential violations not effecting a material change in the character and use of the restricted territory does not estop a property owner from objecting to a substantial violation of the restrictive covenant. Mechling v. Dawson, 234 Ky. 318, 28 S. W. (2d) 18; Will v. Garfein, 227 Ky. 826, 14 S. W. (2d) 143.

We conclude that the action of the chancellor in enjoining the erection of the garage was proper, and the judgment is affirmed.