## Ulmer et al. v. Ulrey et ux.

Dec. 16, 1938.

LAWRENCE S. GRAUMAN for appellants.
JAMES BOSWELL YOUNG for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The appellants and appellees are each the owners of certain lots in a Louisville, Kentucky, suburb, called Transylvania Subdivision.

It further appears, and is alleged in the petition, that Alexander Hunter Mason, trustee, and others, the original owners of the land and developers of it as a residential subdivision, created a general building plan for its development and improvement, whereby they restricted the use of each and all the lots into which subdivided and sold by providing, in conformity with such purpose and plan, that in all deeds made to purchasers of the lots in said subdivision there should be and was inserted the following restrictive covenant, common to all the deeds executed vendees by the common grantors: "No. 1. All lots in Transylvania shall be used for residential purposes only, but this shall not exclude their use for agriculture."

It was further alleged in the petition that said restriction was imposed, and so represented, for the use and benefit of every lot in said subdivision and that

plaintiffs and defendants, remote vendees of these original purchasers, who acquired lots in said subdivision under deeds containing this identical restrictive clause, are equally and mutually bound to observe said restriction and to use their several properties for residential and agricultural purposes only.

Further it appears that plaintiffs and defendants are now the owners of residential improvements erected upon their respective lots, which they use and occupy as their residences, either for a part or all of the year.

This equitable action was brought on August 12 last before the Hon. Churchill Humphrey, judge of the Jefferson Circuit Court, Chancery Branch, by the plaintiffs against the defendants, wherein by their petition they allege that the defendants, while occupying the premises (lot No. 17, here involved) owned by them in this subdivision, were not using the same for residential purposes only, as limited by the restriction, but were using their premises for commercial and recreational purposes and as a camp site for entertaining underprivileged children, who were not related to either of the defendants or members of their family; that the defendants, Ulrey and his wife, were officers of an organization known as the Volunteers of America of Kentucky and as such, through their agents and representatives, had solicited donations from the public for the express purpose of using them to pay for the board and keep of underprivileged children of Jefferson county, who were invited and sent by said Volunteers of America to the home of the defendants located in this subdivision, where they were being boarded and entertained by the defendants; that defendants in such way were using and occupying their premises (lot No. 17, Transylvania Subdivision) for a boarding house and "outing center," in that they were furnishing more than twenty children with food, lodging and entertainment from the money received through solicitations made by them as officials of the Volunteers of America; that the premises affected by the restrictive covenants referred to are located in and constitute a high class residential neighborhood, improved exclusively with private dwellings used for residential purposes, and that one of the compelling reasons that induced each of the plaintiffs to purchase their respective premises in Transylvania Subdivision and to reside there was and is the protection afforded

by the existence of said restrictive covenant, common to all deeds to property therein, and the unlikelihood that the houses located on the lots in Transylvania Subdivision would ever be used for any purpose other than that of private dwellings or "for residential purposes only."

The petition concludes with the prayer that the defendants be perpetually enjoined and restrained from using their premises as a camp or outing place for visiting groups of children not related to them or as a place where they are furnished food, lodging or entertainment, supplied and paid for from money or donations made upon solicitation by different persons or from using their premises for other than residential purposes, as by the restrictive covenant of their deed prohibited.

To this petition, the defendants filed a general demurrer, and, without waiving same, filed also their answer, wherein, after first traversing the allegations of the petition, they affirmatively pleaded that for some fifteen years they have devoted their lives to charitable and benevolent work and that, in the furtherance of such work, the defendants are officers of the Kentucky chapter of the Volunteers of America, an organization devoted exclusively to charitable and benevolent social work; that they own the property mentioned in Transylvania Subdivision, which constitutes their sole and only home, and wherein they reside with their two children throughout the year; that it is their custom, during the months of July and August, to invite to their home a small number of underprivileged and undernourished children, of a number less than twenty-three, to stay with them as their guests for a week at a time, so that they might enjoy the benefits of the fresh air, the sunlight and the river; that, as officers of the Volunteers of America, they have made requests for funds to assist them in carrying on this charitable and benevolent work and that, in response thereto, the citizens of Louisville and its environs have made such contributions, which they have used for the purpose of purchasing food for these children; that the amount donated has been negligible in comparison with the amount expended, and that they have, for the most part, used their own money to provide food for these children; that no profit or money gain is realized by these defendants from their complained of entertainment of these children in their home,

but, on the contrary, it represents a drain upon their financial resources.

By a further paragraph defendants state that Transylvania Beach (in this subdivision), including all of the lots fronting on the river, is only approximately a quarter of a mile long; that there exists on said Beach an organization or club known as "Men About Town," which has erected a house on one of the lots in this subdivision, which is included in the restriction set out in plaintiffs' petition; that this club consists of more than twenty young men, between seventeen and twenty-five years of age, who use it as a recreational center; that it is a corporation and not the residence of anyone, but is used by its members whenever they so desire for parties and evening recreation; that there is located in said subdivision also another social organization, known as the "River Crest Lodge" (a corporation), owned by a club of people for their enjoyment, which also is not the residence of any one family or a private family residence, but a residence jointly used by the many families composing the club; that this club property is also owned and held subject to the same restriction as that of these defendants, all of whom hold their properties as remote grantees of the same grantors, under deeds containing this identical restrictive clause.

Upon submission of this cause to the chancellor for hearing and judgment, both upon the plaintiffs' motion for an injunction and the defendants' demurrer to their petition, the chancellor rendered a brief memoranda opinion, wherein he adjudged as follows:

"Demurrer sustained—motion for temporary injunction overruled.

" 'Suffer little children to come unto me and forbid them not for such is the Kingdom of Heaven.' "

Plaintiffs have appealed, seeking a reversal of this ruling upon the ground that the restrictive covenant here involved provided that the lot "shall be used for residential purposes only," and insisting that where the covenant provides that the lot "shall be used for residential purposes only," the erection of a church, lodging house, or any other kind of an institution violates the restriction; further, that the restrictive covenant, stipulating that the lot "shall be used for residential

purposes only,'' means that the improvement erected thereon is to be used as the dwelling house or settled abode of a person or persons; that the restrictive word ''only'' is used as synonymous with the word ''solely'' and should be given like effect and meaning or as if the covenant, providing that the property is to be used ''for residential purposes only,'' had contained the further words ''and nothing else.''

However, we are not permitted to consider the allegations of the petition as put in issue by the traverse and affirmative pleas made by the answer, nor to either form or intimate any opinion as to which of the conflicting contentions of the parties is meritorious, as we are here confined to the task of considering and deciding the one question presented upon the appeal, which is whether or not the chancellor properly sustained the appellees' demurrer filed to the petition, thereby holding the allegations of same were insufficient to state a cause of action.

It is appellants' contention that the allegations of their petition, admitted as true by the demurrer for determining their sufficiency as stating a cause of action, were erroneously adjudged insufficient.

For our determination of this question, we must look to the petition in order to learn and understand what are its allegations, which by the defendants' demurrer are challenged as being insufficient to state a cause of action.

It alleges that the defendants, in violation of the restrictive covenant of their deed, under which they covenanted to occupy and use their property, located on lot No. 17 of this Transylvania Subdivision, only for residential and agricultural purposes, were using their property for commercial or for other than residential purposes. Further it alleges that like restrictive covenants were contained in all the deeds conveying lots in this subdivision, commencing with the deeds of the original owners conveying lots embraced in this subdivision, in accord with the general plan created by them for the development of this subdivision and erection of improvements on the lots thereof and that the restrictive covenant common to all the deeds was imposed for the use and benefit of every lot in said subdivision; that the plaintiffs' and defendants' properties are located in said subdivision and that they are all equally and mutually

bound and obligated to observe this restriction as set out in their respective deeds and under and subject to which they hold their properties and which it is alleged has been observed by plaintiffs. Further, it alleges that for more than a month last past the defendants have used their premises for a boarding and outing center, furnishing more than twenty of such underprivileged children with food, lodging and entertainment, all furnished them from the money received by the defendants from solicitations made by the Volunteers of America, and that a large number, in excess of twenty, of these underprivileged children are now being lodged and boarded at lot No. 17, Transylvania Subdivision, for various money considerations received by the defendants from contributions made through the Volunteers of America.

Further it alleged that the premises affected by the restrictive covenant referred to constitute a high class residential neighborhood, improved exclusively with private dwellings, used for residential purposes, and that one of the compelling reasons that induced the plaintiffs to purchase their respective premises and to reside there was and is the existence of said restrictive covenant and the unlikelihood that the houses located in this subdivision would be used for other purposes than that of private dwellings; also, that the defendants, in maintaining and conducting their property as an outing place for said children, have disturbed the peace, quiet and comfort of the neighborhood, including the plaintiffs and the premises occupied by them and have caused disturbing and unpleasant noises, which have broken into the character of the neighborhood as a quiet residential one, devoted exclusively to the purposes of first class private dwellings; further, that the foregoing use and occupation by the defendants of their said lot is in violation of the restriction that all lots in the subdivision "shall be used for residential purposes only" and that the defendants' use and occupancy of their premises in the manner aforesaid has and will cause irreparable loss and damage to the plaintiffs and will change and alter the character of the neighborhood where their premises are situated and impair their use and enjoyment of them; and that the manner in which the defendants are using their premises is in violation of said restriction and is a nuisance, further, that the restriction referred to is binding equally upon the plaintiffs and the defend-

ants and has never been removed by the trustee or others who originally imposed it or by anyone having authority to do so and is now in full force and effect. Wherefore, plaintiffs prayed that the defendants and each of them be perpetually enjoined and restrained from using and occupying their premises in said subdivision as a camp site or outing place for children not related to the defendants or either of them by blood or marriage or as a place where children or others are furnished food, lodging and entertainment from money or donations made by other persons or for other purposes than that of for residential purposes only.

By the appeal here before us, only the sufficiency of these allegations of the petition, as stating a cause of action, is challenged.

Many authorities are cited and argued by counsel for appellants and appellees alike in support of their antagonistic positions taken upon this one question, but we do not feel it would serve any useful purpose to here go into a lengthy discussion of these authorities or to intimate any opinion as to the relative merit of these opposing contentions, as if same were raised upon issues joined by other pleadings and supporting proof heard, in that no question is here urged other than were these allegations of the petition, as in substance set out supra, sufficient to state a cause of action, as challenged by the demurrer.

After a very full and careful consideration of the matters alleged and set out in the petition, we are led to conclude that the same were sufficient, when tested by the demurrer, to set out a cause of action, entitling the appellants, where unanswered, to the injunctive relief sought.

Such being our conclusion, it must needs follow that the learned chancellor erred in otherwise holding by sustaining defendants' demurrer to the petition and dismissing it, for which reasons the decree so holding must be reversed and the cause remanded, with instructions to set aside his ruling sustaining the demurrer and enter one in lieu thereof overruling the demurrer.

Judgment reversed.