## Ulmer et al. v. Ulrey et al.

Nov. 14, 1939.

Lawrence S. Grauman for appellants.

No appearance for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Transylvania Subdivision is a suburb of the city of Louisville, fronting about one-fourth mile on the Ohio River. All deeds to purchasers of lots in the subdivision contained this restrictive covenant: "All lots in Transylvania shall be used for residential purposes only, but this shall not exclude their use for agriculture."

Albert Ulmer and others, owners of fourteen lots in the subdivision, brought this action against Walter O. Ulrey and wife, Lillian B. Ulrey, owners of lot No. 17 in the subdivision, to enjoin them from using their premises for other than residential purposes. A demurrer to the petition was sustained, and on appeal to this

court it was held that the petition stated a cause of action and the judgment was reversed. Ulmer v. Ulrey, 276 Ky. 90, 122 S. W. (2d) 1018. Upon return of the case, proof was heard, and the chancellor again rendered a judgment dismissing the petition. In an opinion setting forth his reasons for refusing the injunction and dismissing the petition, he based his conclusion not on the ground that the proof failed to sustain the allegations of the petition, but on the ground that a restriction in a deed that withholds the use of a natural playground from underprivileged children is contrary to public policy and void. His opinion reads in part:

"I think any restriction applied to oppress helpless unfortunate children is barbarous. Equity will not enforce it. I do not understand the court of appeals in its opinion to have held otherwise. The court of appeals, as I understand its opinion, sent the case back for proof, not with instructions. The proof only confirms me in my original conviction. The luxury of the adult must give way to the necessities of the child. Any agreement to the contrary is contrary to public policy and will not be enforced."

It is true the case was sent back for proof, but it was said in the opinion that the petition stated a cause of action and the effect of the decision was that the injunction prayed for by the plaintiffs should be granted if the proof sustained the allegations of their petition. The substance of these allegations as set out in the opinion on the former appeal is:

"That the defendants, while occupying the premises (lot No. 17, here involved) owned by them in this subdivision, were not using the same for residential purposes only, as limited by the restriction, but were using their premises for commercial and recreational purposes, and as a camp site for entertaining underprivileged children, who were not related to either of the defendants or members of their family; that the defendants, Ulrey and his wife, were officers of an organization known as the Volunteers of America of Kentucky and as such, through their agents and representatives, had solicited donations from the public for the express purpose of using them to pay for the board and keep of underprivileged children of Jefferson county, who were

invited and sent by said Volunteers of America to the home of the defendants located in this subdivision, where they were being boarded and entertained by the defendants; that defendants in such way were using and occupying their premises (lot No. 17, Transylvania Subdivision) for a boarding house and 'outing center,' in that they were furnishing more than twenty children with food, lodging and entertainment from the money received by them through solicitations made by them as officials of the Volunteers of America; that the premises affected by the restrictive covenants referred to are located in and constitute a high class residential neighborhood, improved exclusively with private dwellings used for residential purposes and that one of the compelling reasons that induced each of the plaintiffs to purchase their respective premises in Transylvania Subdivision and to reside there was and is the protection afforded by the existence of said restrictive covenant, common to all deeds to property therein, and the unlikelihood that the houses located on the lots in Transylvania Subdivision would ever be used for any purpose other than that of private dwellings or 'for residential purposes only.' ''

The restrictive covenant common to all deeds to lots in Transylvania Subdivision is reasonable and confined to a lawful purpose. There is no ambiguity nor doubt as to its meaning. The lots can be used for residential purposes only, and any other use violates the restriction. Such restrictive covenants are frequently placed in deeds to property subdivided under a general and uniform plan and located in territory intended to be wholly residential in character, and they are uniformly enforced. Greer v. Bornstein, 246 Ky. 286, 54 S. W. (2d) 927; Biltmore Development Company v. Kohn, 239 Ky. 460, 39 S. W. (2d) 687; Will v. Garfein, 227 Ky. 826, 14 S. W. (2d) 143; Anderson v. Henslee, 226 Ky. 465, 11 S. W. (2d) 154; Moore v. Stevens, 90 Fla. 879, 106 So. 901, 43 A. L. R. 1127. The proof shows that appellees are using their lot for other than residential purposes. Appellee Walter O. Ulrey is president of the Louisville Post of the Volunteers of America, a charitable organization. One of the activities of this organization is the maintenance of a summer camp for underprivileged children. Prior to the summer of 1938 the Volunteers

of America had conducted a camp on Manslick Road near Louisville, but in July, 1938, the camp was transferred to lot 17 in Transylvania Subdivision which had been purchased by appellees in June, 1938. During the months of July and August white children between the ages of six and twelve years were lodged and boarded at the Ulrey home. The children were collected at the office of the Volunteers of America in Louisville and transported in trucks to the Ulrey home where they remained a week, were then returned to their homes, and other children took their places. There was an average of about twenty-five children at the Ulrey home at all times during the summer. The records of the Volunteers of America disclose that the organization expended the sum of $1,513.02 in cash in maintaining the summer camp during July and August, 1938. In addition to the cash, groceries and other provisions which had been contributed to the organization had been sent to the Ulrey home. A cook, a guard, and a maid, employed by the organization, spent the summer at the camp. Mr. and Mrs. Ulrey donated their home and their services, but it is not claimed they spent a material amount of their own funds in entertaining and caring for the children. It is not seriously contended that the operation of the summer camp on the Ulrey lot was not a violation of the restrictive covenant in their deed, and the chancellor did not so hold. He merely held that the covenant was contrary to public policy and void when applied to summer camps for underprivileged children. The Volunteers of America and appellee Walter O. Ulrey, its president, are engaged in a worthy charitable enterprise, and are rendering services of inestimable value to the community in which they operate. Probably one of the worthiest activities in which they are engaged is the maintenance of a summer camp for underprivileged children, but it does not follow that this activity can be carried on to the injury of third persons. There is no proof that suitable locations for the maintenance of summer camps for children are not available in and around Louisville. Persons who purchased lots in Transylvania Subdivision and erected homes thereon did so on the faith of the covenant common to all the deeds that all lots in the subdivision should be used for residential purposes only. The proof shows that the value of these lots will be materially depreciated if a summer camp is continued on appellees' lot.

If the injunction sought by the plaintiffs is granted and the restrictive clause in appellees' deed is enforced, it does not follow that the underprivileged children of Louisville will be deprived of recreational opportunities. If the covenant is invalid as to summer camps for children, it is invalid as to other charitable activities also necessary and meritorious. In the answer filed by the defendants, it was alleged that the restrictions had been abandoned because the buildings on two lots in the restricted area had been used for other than residential purposes. One was known as River Crest Lodge and the other building was occupied by a club known as the Men-About-Town Club. The allegation concerning the River Crest Lodge was practically abandoned during the taking of proof, since it developed that a dwelling house on the lot in question was occupied by four married couples. At most, it had been converted into an apartment house, which is not a violation of a restrictive covenant such as the one under consideration. Struck v. Kohler, 187 Ky. 517, 219 S. W. 435; McMurtry v. Phillips Investment Company, 103 Ky. 308, 45 S. W. 96, 19 Ky. Law Rep. 2021, 40 L. R. A. 489. The proof shows that the Men-About-Town Club purchased a lot in Transylvania Subdivision in January, 1939. They had been renting the property prior thereto, and began using it about the time appellees purchased their lot. It does not appear that appellants acquiesced at any time in a violation of the restrictive covenant in the deed to the club, but, on the contrary, it does appear that they protested on several occasions and requested that the use of the lot be limited to residential purposes. They have been guilty of no conduct amounting to a waiver or abandonment of their right to enforce the restriction.

The evidence fully sustained the allegations of the petition which, on the former appeal, was held to state a cause of action, and it follows that the judgment must be and is reversed, with directions to enter a judgment in accordance with the prayer of plaintiffs' petition.