CASE 22—PETITION EQUITY—NOVEMBER 10.

# Roberts &c. v. Porter &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. CONDITIONS IN DEED AS TO IMPROVEMENTS.—Where one owns a lot
   of ground in a city, near the center of which he has a residence,
   and in selling off a lot from the larger tract, imposes certain con-
   ditions in the deed with respect to the nature and location of the
   improvements to be erected thereon, these conditions are not only
   for the benefit of the vendor, to the extent of his reserved home-
   stead, but also of any to whom he may sell adjacent lots, although
   such purchaser was not a party to the deed in which the conditions
   first appeared.

2. CONSTRUCTION OF CONDITION.—The provision in a deed to a corner
   lot that "it is a condition of this conveyance that said lot, when
   improved, shall have on it a brick residence, not less than two and
   a half stories high, and that said residence shall front Ormsby
   avenue, and the front line of same shall not be nearer to Ormsby
   avenue than the front line of the Morat homestead now on same
   block," was complied with when such a house as described was
   erected thereon in the place named and fronting on Ormsby ave-
   nue; but the improvements on the rear end of the lot not being
   in the mind of the grantors at all, the purchaser may erect there-
   on, and facing on the side street, other and additional brick resi-
   dences of the same kind.

C. B. SEYMOUR, JAMES QUARLES, QUARLES & ALLEN, JOHN
W. BARR, JR., FAIRLEIGH & STRAUS FOR APPELLANTS.

WALTER EVANS FOR APPELLEES.
    (Record and briefs not in the office.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The Morats were the owners of a square of land on
the north side of Ormsby avenue, between First and
Second streets, in Louisville, and upon which, near the
center of the square and fronting the avenue, stood
their residence.

In 1890 they decided to sell off certain parts of the square, and, as a protection to their remaining property and to all the lots offered, they proposed to impose certain conditions with respect to the nature and location of the improvements to be erected on the premises by the purchasers.

Accordingly, when they sold a lot of 40 feet by 180 feet, on the corner of Ormsby avenue and Second street, which they did in May, 1890, to J. H. Lindenberger, they inserted in their deed the following condition: "It is a condition of this conveyance that said lot, when improved, shall have on it a brick residence, not less than two and one-half stories high, and that said residence shall front Ormsby avenue, and the front line of same shall not be nearer to Ormsby avenue than the front line of the Morat homestead, now on same block."

After this sale the Morats sold to appellant Roberts a lot adjoining the Lindenberger lot, and between it and the Morat homestead, and upon it appellant erected a handsome brick residence.

Afterwards Lindenberger sold his lot to the appellee, Annie Porter, who, over the protest of Roberts, began to build a brick residence, of the kind described in the condition named, and fronting on Ormsby avenue and the required distance therefrom, and also three other like brick residences on the rear of her lot, and fronting on Second street. Thereupon Roberts brought this suit in equity, seeking to enjoin the erection of these buildings. No preliminary injunction was applied for, but notice to desist was given, in the

face of which and the *suit* the buildings were erected. The petition was dismissed, and Roberts has appealed.

As already indicated, we think the condition alluded to was for the benefit not only of the Morats, to the extent of their reserved homestead, but of any one to whom they might sell adjacent lots, and this although such purchaser were no party to the Lindenberger deed, in which the condition first appeared.

This principle is clearly recognized in Graham v. Hite, 93 Ky., 481, and in the ordinary text-books on easements. Washburn on Easements and Servitudes, side page 58.

The chief question here, however, is, what is the extent and meaning of the condition? Confessedly, the lot has on it a brick residence not less than two and one-half stories high, fronting on Ormsby avenue, and the front line of which is not nearer that avenue than the front line of the Morat homestead; and it seems to us that if further prohibitive stipulations were intended they would have been inserted.

The frontage of the residences on Ormsby, their size and quality, and the distance the houses were to stand from that avenue, were the chief points of interest. We do not believe the improvement of the rear of the lots was in the mind of the grantors at all, but only the Ormsby avenue end, yet it is likely that no other than a brick residence of the kind described could be built anywhere on the lots. This might be assumed to have been the intention of the contracting parties, and, if so, the appellee still has not violated the condition, as the houses are of the kind required.

It does not follow, as suggested by counsel, that, if the appellee may thus erect houses on the Second street end of her lot, she might, after complying literally with the conditions in the deed and erecting a two-story and a half brick residence on a line with the Morat house, and fronting Ormsby avenue, also erect additional houses on the Ormsby end of the lot.   As we have seen, the protection of this frontage was a special matter of interest, and any encroachment thereon is especially provided against.

The judgment must be affirmed.