## Magowan, et al. v. Young, et al.

(Decided May 7, 1920.)

### Appeal from Montgomery Circuit Court.

1. Deeds—Covenants—Restrictions on Use of Property—Rules of Construction.—In construing restrictions on the use of property, effect should be given to the intention of the parties as shown by the language of the instrument, considered in connection with the circumstances surrounding the transaction and the object had in view by the parties; and such restrictions are strictly construed against the person seeking to enforce them, and all doubts will be resolved in favor of the free use of the property.

2. Deeds—Covenants—Restrictions on Use of Property—Rules of Construction.—Restrictions will not be enlarged or extended by construction even to accomplish what it may be thought the parties would have desired, had a situation which later developed been foreseen by them at the time the restrictions were written.

3. Deeds—Covenants—Restrictions on Use of Property—Construction.—A covenant in a deed conveying property as a site for a packing house, providing that "the land and sewer privileges hereby conveyed shall never be used or the buildings or business thereon in any way that is offensive or injurious to the surrounding lands of the first parties or to Hinkston Creek as stock water," is a restriction directed against the use of the property itself, and not against the color of its occupants, and the grantors will not be entitled to an injunction restraining the sale of the property to negroes for residence purposes.

ROBERT H. WINN for appellants.

CHARLES D. GRUBBS and W. C. HAMILTON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

J. R. Magowan and his mother, Emma Magowan, own a large farm adjoining the eastern limits of the city of Mt. Sterling. In the fall of 1909, D. N. Young and others organized a corporation, under the name of the Old Kentucky Packing Company, for the purpose of slaughtering animals, buying and selling meats and hides, manufacturing fertilizers and conducting a general packing house business As a site for the proposed business, Young and his associates purchased from the Magowans about two acres of their farm. The purchased tract was situated at the intersection of the Owingsville turnpike and the C. & O. railroad. Nearby is a thickly settled negro suburb called Smithville. Immediately after the purchase of the lot, the company began the erection of its plant. Later on, the enterprise was abandoned and the property was sold to D. N. Young. Young built a residence thereon, and also built a store building which was occupied as a grocery and soft drink stand. Young also sold a portion of the lot to W. M. O'Rear, a colored man, who proposes to erect a residence thereon. The property has been subdivided and Young proposes to sell the other lots to negroes for residence purposes.

The deed conveying the property to the Old Kentucky Packing Company contains the following restriction:

"It is a part of the consideration moving to the first parties that the land and sewer privileges hereby conveyed shall never be used, or the buildings or business thereon, in any way that is offensive or injurious to the surrounding lands of the first parties or to Hinkston creek as stock water, which is guaranteed by the second party and which runs with the land hereby conveyed, in favor of first parties, or any subsequent owner or owners of said surrounding lands."

Claiming that the use of the property by negroes for residence purposes was a violation of the restriction, the Magowans brought suit to enjoin O'Rear from building a residence on the lot, and to enjoin Young from making other sales to negroes for residence purposes. On final hearing the relief prayed for was denied, and plaintiffs appeal.

It is the contention of plaintiffs that the language of the restriction is broad and comprehensive, and included every use that may be made of the land and sewer privileges, or of the buildings or business thereon, that is in

any way offensive or injurious to the surrounding land, and they introduced evidence to the effect that the use of the lot in question by negroes for residence purposes would materially impair the value of the surrounding land. In construing restrictions on the use of property, effect should be given to the intention of the parties as shown by the language of the instrument, considered in connection with the circumstances surrounding the transaction and the object had in view by the parties. 18 C. J. 386-7; Hobson v. Cartwright, 93 Ky. 368, 20 S. W. 281. It is also the rule that such restrictions are strictly construed against the person seeking to enforce them, and all doubts will be resolved in favor of the free use of the property. Hence, restrictions will not be enlarged or extended by construction, McMurty v. Phillips Inv. Co., 103 Ky. 308, 45 S. W. 96; Roberts v. Porter, 100 Ky. 130, 37 S. W. 485; Calvert v. Pewee Valley, 25 S. W. 5, even to accomplish what it may be thought the parties would have desired, had a situation which later developed been foreseen by them at the time the restrictions were written. Davidson v. Sohier, 220 Mass. 270, 107 N. E. 958. With these principles in view, let us examine the circumstances and situation of the parties. The property was to be used as a site for a packing house. There was great probability that the use of the property for that purpose would be offensive and injurious to the surrounding land. The object in view was to prevent such offensive or injurious use. To that end the restriction was inserted in the deed. In our opinion, the restriction was directed against the use of the property itself, and not against the color of its occupants That being true, the chancellor properly ruled that plaintiffs were not entitled to the relief prayed for.

Judgment affirmed.