## Crutcher, et al. v. Moffett.

(Decided October 28, 1924.)

### Appeal from Fayette Circuit Court.

1. Covenants—Grantees of Land Subject to Restriction Bound to Take Notice of Limitations in Original Deed.—Subsequent grantees of lots are bound to take notice of building restriction upon title made in original deed of lots, though not contained in subsequent deeds.

2. Covenants—Building Restriction Need Not be General in Deeds of Grantor.—Building restriction is enforceable, though not contained in grantor's deeds, on sale of other lots, then owned by it.

SMITH & REYNOLDS and GEORGE W. VAUGHN for appellants.

GEORGE C. WEBB and CHESTER D. ADAMS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On July 2, 1883, the Woodland Association conveyed to J. H. Davidson lots 112 and 113, lying at the corner of Main street and Park avenue, Lexington, Kentucky. The following restriction was made in the deed:

> "It is agreed as a part of this contract or bargain and sale that no building is ever to be erected on this lot of ground at a less distance than thirty (30) feet from the line of Park avenue."

The two lots front 100 feet on Main street and run back 200 feet on Park avenue. On December 30, 1893, John B. McCloskey, who then owned the property, conveyed to Mrs. W. B. Nelson lot number 113, fronting 50 feet on Main street and running back 200 feet on Park avenue. Mrs. Nelson on May 11, 1918, conveyed this property to appellant, Luda Crutcher. The Woodland Association on May 22, 1885, or about two years after the deed to Davidson, conveyed to J. E. Keller a lot on Park avenue, fronting on Park avenue 50 feet and running back 160 feet, adjoining the Davidson lots. This lot, after being owned by various persons, was conveyed

to appellee Moffett on May 25, 1917. The situation is illustrated in the following diagram:

Main Street        E

LOT NO. 112 | LOT NO. 113

Crutcher

Park Avenue

Lot No. 110
Moffett

South

Moffett brought this suit against Mrs. Crutcher to enjoin her from the erection of an apartment building upon her lot within less than thirty feet of Park avenue. A number of years ago the residence was erected on the Crutcher lot fronting on Main street, leaving a vacant lot of 103 feet next to the Moffett lot. A number of years ago a brick residence was erected on the Moffett lot thirty feet from Park avenue, and this has been occupied and used by him as a home ever since his purchase. Shortly before this suit was filed the Crutchers began an excavation upon the rear of their lot, within six feet of the Moffett lot and within seven feet of Park avenue, running back thirty-eight feet opposite Moffett's residence, for the purpose of erecting thereon an apartment building. The proof shows that the apartment building will cut off light and air from the Moffett residence and will depreciate its value about 30% or from two to three thousand dollars. The circuit court granted a perpetual injunction as prayed. The defendants appeal.

The restriction above quoted was not made in any of the subsequent deeds by which the property passed from Davidson or any of his vendees; but this is not material,

as every purchaser was bound to take notice of the limitations upon the title made in the original deed to Davidson. The like restrictions were not made in any of the deeds for lots on Park avenue, but in fact all the houses on this square are set thirty feet from the street. In Roberts v. Porter, 100 Ky. 130, the owner of a square of land on Ormsby avenue, on which he resided, conveyed a lot on the corner of this square and inserted in the deed this restriction in regard to the residence to be erected: "The front line of same shall not be nearer to Ormsby than the front line of the Morat homestead now on same block." After this sale the owners sold to Roberts a lot adjoining this lot and between it and the Morat residence, and he erected upon it his residence. He sued Porter, who had later become the owner of the first lot, to enforce the restriction contained in the deed. Holding that he was entitled to the benefit of this restriction, the court said:

> "As already indicated, we think the condition alluded to was for the benefit not only of the Morats, to the extent of their reserved homestead, but of any one to whom they might sell adjacent lots, and this although such purchaser were no party to the Lindenberger deed, in which the condition first appeared. This principle is clearly recognized in Graham v. Hite, 93 Ky. 481, and in the ordinary text books on easements. Washburn on Easements and Servitudes, side page 58."

While Graham v. Hite, 93 Ky. 474, went off on other grounds, the rule above stated was recognized in that opinion in these words:

> "Assuming, as may be done, the condition is in effect an easement, it was evidently created for the benefit of the corner lot mentioned, and probably such other lots in the neighborhood as were then owned by Barrett."

The principle is also recognized in Highland Realty Company v. Groves, 130 Ky. 374, in these words:

> "The covenants run with the land, and are mutual, inuring to the benefit of all appellant's vendees."

It is earnestly insisted that the restriction should not be enforced against Mrs. Crutcher, because a like

restriction was not inserted in any of the subsequent deeds made by the Woodlawn Association when it sold the remainder of the property. On this there is a great want of harmony in the opinions in cases decided in other states. The authorities are collected in an exhaustive note to Stephenson v. Spivy, 21 A. L. R. 1288, and the general rule is there stated in these words:

> "A very common purpose of restrictions as to the use of property conveyed is to benefit land retained by the grantor. Where the owner sells a part of his premises, and imposes a restriction on the purchaser by which the lands retained will be benefited, the transaction is sufficient to show an intention that the restriction is for the benefit of the lands retained, and the grantor or his subsequent grantee can enforce it."

While this rule has not been uniformly followed in other states, and there are many cases sustaining the position of the appellant that the restriction should not be enforced when a like restriction was not inserted in the deeds subsequently made by the Woodland Association for lots on Park avenue, the question must be deemed settled in Kentucky by the Kentucky cases above referred to.

Judgment affirmed.