## Doll v. Moise.

(Decided April 20, 1926.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Covenants—Building Line Restriction in Deed Held Covenant Running with Land, Entitled Grantor to Sue for Breach Against Subsequent Purchaser whose Deed Contained no Such Restriction.—Building restriction, in deed requiring improvement to be set back on line with adjoining residence, is a covenant running with the land, entitling grantor to maintain action for its breach against a purchaser, after several conveyances, whose deed did not contain restriction. .

2. Covenants—Damages of $1,250.00 to Adjoining Owner for Breach of Building Line Restriction Held Not Excessive.—Damages of $1,250.00 to adjoining owner for breach of restriction in deed, requiring improvement to be set back in line with adjoining residence, held not excessive, where testimony was in conflict on issue.

BURWELL K. MARSHALL for appellant.

JOHN B. BASKIN for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In January, 1911, M. H. Moise, the owner of a residence and adjoining lot in the city of Louisville, sold the

latter lot to the Hollywood Land Company, the following stipulation appearing in the deed:

> "It is further agreed that the improvements on said lot shall set back on the line with that of the said Moise's present residence and shall cost not less than $2,500.00."

This lot was resold several times. The building restrictions, however, were omitted from all subsequent deeds. In 1923 Doll, the last purchaser, began the construction of an apartment house upon the lot, the front of the building being nine feet nearer the street than the front line of the Moise residence. Moise sought an injunction to stop Doll from building the house as contemplated, but the construction was so far advanced that the court was of opinion that its removal would damage Doll in a sum out of proportion to the damage sustained by Moise in its erection and refused the injunction. Later Moise instituted this action for damages occasioned by violation of the restriction and recovered judgment for $1,250.00. Doll appeals.

The appellant cites a number of cases to the effect that a building restriction, such as this, is a personal covenant and not a covenant running with the land, but our court has consistently held to the contrary. The decisions are collated in the recent case of Crutcher, &c. v. Moffett, 205 Ky. 444, in which it is said:

> "The restriction above quoted was not made in any of the subsequent deeds by which the property passed from Davidson or any of his vendees, but this is not material, as every purchaser was bound to take notice of the limitations upon the title made in the original deed to Davidson," citing Roberts v. Porter, 100 Ky. 130; Graham v. Hite, 93 Ky. 474; Highland Realty Co. v. Groves, 130 Ky. 374, with the following quotation from the latter opinion: "The covenants run with the land and are mutual, inuring to the benefit of all appellant's vendees."

These authorities are conclusive as to the right of appellee to maintain the action.

It is further urged that the damages awarded are excessive; but this contention cannot be sustained as the witnesses are about equally divided and the evidence of

those introduced by appellee fully sustained the verdict of the jury.

Wherefore, perceiving no error, the judgment is affirmed.