## LIPSKI v. BURCH et al.
### No. 5991.

Court of Appeals of the District of Columbia.
Submitted Feb. 7, 1934.
Decided Feb. 26, 1934.

Mark P. Friedlander, Bernard H. Conn, and Irving S. Rose, all of Washington, D. C., for appellant.

Alfons B. Landa and Jacob Halper, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a final decree in the Supreme Court of the District dismissing appellant's bill.

The findings of fact, based upon evidence taken in open court, are as follows: On June 6, 1931, the title to property known as 11 and 11½ R Street Northeast, in the District, was held by appellant. This property was incumbered by two deeds of trust, the first in the sum of $35,000, due June 11, 1931, and the second in the sum of $20,000, represented by two notes, on which there was due $15,-600. These notes were held by appellees Sally and Helen Burch, and the stipulated payments of principal and interest were in arrears since May of the preceding year. In that situation appellant and Sally Burch on June 6, 1931, entered into a contract in which Sally Burch agreed to assign to appellant the two second trust notes for a similar trust on property known as the Mardave Apartments. The first trust on the R street property was to come due on June 11, 1931, and it was understood that the contract of June 6th should be consummated at the time of the maturity of the first trust "or a few days thereafter." Nothing was done by appellant towards the consummation of the contract.

The first trust becoming due, the holders threatened sale at auction. Thereupon, Sally Burch, "in order to protect her interests, ordered the trustees under the second trust to advertise the property for sale (on July 22, 1931), which was accordingly done."

The court concluded that appellant was not entitled to relief by way of specific performance of the contract with Sally Burch or for damages, for the reason that she did not perform her part of the contract; and that Sally Burch rightfully ordered the sale at public auction of the R street property under the second trust, appellant being in default. The court might have added that the evidence failed to disclose that appellant ever was in a position to carry out her part of the contract. The evidence fully supports the findings below, and those findings therefore are controlling here. Butte & Superior Copper Co. v. Clark-Montana Realty Co., 249 U. S. 12, 30, 39 S. Ct. 231, 63 L. Ed. 447; United Shoe Mach. Corp. v. United States, 258 U. S. 451, 455, 42 S. Ct. 363, 66 L. Ed. 708. It is difficult to perceive how a different conclusion could have been reached.

Decree affirmed, with costs.

Affirmed.