## Connor et al. v. Clemons et al.

May 21, 1948.

Rehearing denied October 5, 1948.

Morris Weintraub for appellants.

Orie S. Ware, James C. Ware and William O. Ware for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This suit was brought by appellees, trustees of the First Church of God of Covington, Kentucky, for a de-

claration of their right to erect a church on two lots in the Henry Feltman Subdivision at Covington. Defendant appellants are the owners of other lots in this subdivision. The facts are stipulated, and the only issue in the case is whether or not the erection of a church would violate the restrictions in appellees' deed. The lower Court found in favor of the trustees, and adjudged that they had the right to erect such a structure.

The deed to the trustees, as well as the deeds to other lots in the subdivision, contained, among others, the following restrictions:

"1. The erection of any building or structure to be used for business purposes on any lot as now defined on the recorded plat of the Henry Feltman Subdivision is prohibited."

"2. Not more than one structure to be used for residential purposes shall be erected on any one lot as now defined on the recorded plat of the Henry Feltman Subdivision."

It is the contention of appellants that the above restrictions clearly limited the use of lots in this subdivision to residential purposes, and that a church is not a residence. On the other hand, appellees take the position that the only prohibited use of the lots is for business purposes, and restriction No. 2 does no more than fix the number of structures which may be erected on each lot if such structure is to be used for residential purposes. It is admitted that the proposed church will not be erected for business purposes.

The Chancellor based his decision on a strict construction of the restrictions. He relied on the general rule recognized by this Court that restrictions upon the free alienation of property are not favored and should be strictly construed against those seeking to enforce them. See Meyer et al. v. Stein et al., 284 Ky. 497, 145 S. W. 2d 105.

The judgment in the present case was entered before the publication of our decision in Dorsey v. Fishermen's Wharf Realty Co., 306 Ky. 445, 207 S. W. 2d 565, 566 (rehearing denied February 13, 1948). That case is in some respects similar to the one we have here. The principal restriction, referring to lots, provided:

"(3) That only one dwelling house shall be placed on the same (except servants' quarters), and that the cost thereof, over and above the cost of the lot shall be not less than $6,000.00, and that the exterior construction thereof shall be of stone, brick, log, concrete or stucco, with slate, tile, asbestos shingle, or asphalt shingle roof."

In deciding that the restriction meant that the lots should be used for residential purposes only, we gave to it the effect obviously intended by the parties. We recognized that building restrictions have in recent years come into general use, and the rule of strict construction which originated in controversies between a grantor and his grantee, where there was doubt concerning the extent of the estate conveyed, should not be used to defeat the dominant and apparent intention of the grantor. We applied the principle stated in Glenmore Distilleries Co. v. Fiorella et al., 273 Ky. 549, 117 S. W. 2d 173, to the effect that the strict construction rule should not be invoked where the intention of the parties could clearly be determined from the language used in the light of surrounding circumstances and conditions.

We believe the modern rule, based upon our more recent decisions and the decisions of other jurisdictions, is that the strict construction rule should not be used to defeat the obvious intention of the parties though not precisely expressed, but will be applied when ambiguous language creates a doubt as to what was prohibited. In the case of doubtful meaning, the restriction should be construed in favor of the free use of property and against the limitations. See 26 C. J. S., Deeds, sec. 163, page 513; and 14 Am. Jur., Covenants, Conditions and Restrictions, Sections 211 and 212.

Applying the above principle, we find that the restrictions in the present case raise a serious doubt as to their meaning when considered as a whole. There is some indication that the intention was to restrict the use of this subdivision to residential purposes. On the other hand, such intention is not clearly expressed, nor may it be necessarily implied. In the absence of restriction No. 1, which positively prohibits the erection of a building or structure for business purposes, we believe the construction adopted in the Dorsey case, here-

tofore discussed (Dorsey v. Fishermen's Wharf Realty Co., 306 Ky. 445, 207 S. W. 2d 565), would be applicable here. However, the very existence of restriction No. 1 itself militates against such a conclusion. When the grantor specifically prohibits the use of property for a particular purpose, the more reasonable construction would be that no other uses are prohibited. At least an intention to further extend the limitations is very doubtful. It is at this point that we must apply the rule of strict construction against a restraint on the free use of land.

The restrictions are inaptly drawn. It is not for the Court to re-draft them in conformity with what we think the grantor might possibly or probably have intended. It is very simple to restrict the use of land to residential purposes only. This was not done, either by express language or necessary implication. There is, however, a very specific provision prohibiting the erection of buildings or structures for business purposes. Under such circumstances, we should not speculate concerning other uses of the property which the grantor wished to prevent. As stated in the opinion of the Chancellor, "the scope of the restrictions cannot be extended by conjecture or implication or be inferred from doubtful language."

Having carefully considered as a whole the restrictive covenants in this deed, it is our view that there is no prohibition against the erection of a church as proposed by appellees, and the decision of the Chancellor was correct.

For the reasons stated, the judgment is affirmed.