**ASHLAND–BOYD COUNTY CITY–COUNTY HEALTH DEPT., et al. v. RIGGS et al.**

Court of Appeals of Kentucky.
June 20, 1952.

Rehearing Denied Dec. 19, 1952.

A. W. Mann, Arthur T. Bryson, Jr., Ashland, Geo. F. Gallup, Catlettsburg, for appellants.

Howard Van Antwerp, Jr., Ashland, for appellees.

STANLEY, Commissioner.

Under the terms of KRS 212.640 a city-county health department has been established by Ashland and Boyd County. It has acquired a lot and proposes to erect a thirty room building for use as offices, laboratories, and a "health center" or clinic for medical service to indigent persons. Funds for the cost have been appropriated or allocated by the state, county, city and the United States. S. E. Riggs and other taxpayers and owners of property in the subdivision, of which the lots upon which the building is proposed to be erected are a part, instituted this suit for a declaratory judgment and an injunction. The grounds of challenge are: (1) the health department has no power to acquire and hold real estate; (2) the erection of the building offends certain restrictions contained in the chain of title to these lots and those of the plaintiffs; and (3) the use of the building will constitute a nuisance. The chancellor ruled against the plaintiffs except that the building should not be constructed less than twenty feet from the front property line. The case is before us on direct and cross appeals.

Unlike a city-county board of health for a city of the first class and the county in which it is located, KRS 212.350, such a combined department for a city of the second class and a county in which it is situated is not created as a corporate body. It is an unincorporated administrative agency. However, the board is given "such powers, duties and privileges as are given by law to county boards and departments of health." KRS 212.670. These include the duty of providing "an office suitably furnished for its meetings and for the conduct of its business". KRS 212.160. The statute requires the city board of health and the county board of health to transfer their property to it. KRS 212.690. See Louisville and Jefferson County Board of Health v. Steinfeld, 308 Ky. 824, 215 S.W. 2d 1011. The similar joint board for a city of the first class and its county has express authority to acquire personal and real property by purchase, gift, devise, lease, condemnation or otherwise. KRS 212.350, 212.580. Such express provision is not contained in the instant act.

Powers of administrative boards and agencies are those conferred expressly or by necessary or fair implication. Jefferson County v. Jefferson County Fiscal Court, 269 Ky. 535, 108 S.W.2d 181. Louisville and Jefferson County Board of Health v. Steinfeld, 308 Ky. 824, 215 S.W.2d 1011; Henry v. Parrish, 307 Ky. 559, 211 S.W. 2d 418. It is a general principle of law that where the end is required, the appropriate means are implied. The nature and the multitude of duties imposed upon the Board

of Health are persuasive of the reasonableness of its acquisition of headquarters and a place of operation. It is imperative that the board lease or own such premises where the city and county do not directly supply the need. If it may do one, it may do the other, under the implemented, express authority to provide itself with an office.

█ The board is dependent upon the city and the county for its financial support. If there be doubt about the implied power to erect a house for a clinic, we do not think it can ·be doubted that the city and the county have power to appropriate the money and direct the erection of the building in which their agency shall live and function as they have done. We are of opinion the court properly ruled that the power existed.

█ The plea is presented that the use of the property as a laboratory and public clinic or "health center" would constitute a nuisance. One of the main functions of a board of health is to prevent and abate nuisances within its sphere of operation. It is a novel notion that its own operation should be declared a nuisance per se or that the board should be enjoined in advance from proceeding with its services in anticipation that its operations may become a nuisance. The court properly denied this ground of complaint.

The lots acquired are part of a subdivision laid out in 1923. Certain building restrictions were included in the original deeds and carried through to the present time to lots owned by the plaintiffs and other residents of the neighborhood. The deeds state that all the lots are being conveyed subject to the restrictions and they are declared to be binding upon all parties. Two of the restrictions are invoked by the plaintiffs, namely: (1) no house on the property shall be erected "nearer than 20 feet to the property line facing Bellefonte Street," and (2) no dwelling house shall be constructed that costs less than $5,000, nor more than one on any lot, except a corner lot, and "no business house of any kind" shall be erected on the property.

The questions are whether these restrictions are binding upon a governmental unit and whether the restriction against the erection of "any business house of any kind" embraces a building to be used for the enumerated purposes.

It is held in some jurisdictions that restrictions of this character are not applicable to the government. The decisions rest upon the concept that such provisions are contracts between private parties to which the government is not a party and is not bound as a matter of public policy; that they do not constitute a positive easement or interest in land, but merely a right enforceable in equity as between the parties to the contract or their successors with notice. Sackett v. Los Angeles City School Dist., 118 Cal.App 254, 5 P.2d 23; Moses v. Hazen, 63 App.D.C., 104, 69 F.2d 842, 98 A.L.R. 386.

But a majority of the states hold the government is bound by the restrictions though not to the extent that they prevent condemnation. These courts hold that the taking of the land for a use which will defeat the restriction is a taking of property of the owners of the dominant estate, and that those for whose benefit the restrictions are imposed are entitled to compensation for the loss of the easements. 18 Am.Jur., Eminent Domain, §§ 82, 157, 250; Allen v. Detroit, 167 Mich. 464, 133 N.W. 317, 36 L.R.A.,N.S., 890; Peters v. Buckner, 288 Mo. 618, 232 S.W. 1024, 17 A.L.R. 543; Johnstone v. Detroit, G. H. & M. Ry. Co., 245 Mich. 65, 222 N.W. 325, 67 A.L.R. 373.

What may perhaps be regarded as a third class of cases are such as Anderson v. Lynch, 188 Ga. 154, 3 S.E.2d 85, 122 A.L.R. 1456, holding that where a county purchased a right of way for a road over one of the lots in a subdivision, the owners of the other lots did not have any interest or ownership in the lot about to be thus used so as to entitle them to damages or compensation because of such use. The conflicting authorities are cited in these various opinions and the annotations appended in the American Law Reports.

█ The point of exemption of a governmental agency does not seem to have been hitherto raised in this court. However, we are among the jurisdictions which

adhere to the concept that such restrictions constitute mutual, reciprocal, equitable easements of the nature of servitudes in favor of owners of other lots of a plot of which all were once a part; that they constitute property rights which run with the land so as to entitle beneficiaries or the owners to enforce the restrictions, and if it be inequitable to have injunctive relief, to recover damages. Crutcher v. Moffett, 205 Ky. 444, 266 S.W. 6; Starck v. Foley, 209 Ky. 332, 272 S.W. 890, 41 A.L.R. 756; Doll v. Moise, 214 Ky. 123, 282 S.W. 763; Bennett v. Consolidated Realty Co., 226 Ky. 747, 11 S.W.2d 910, 61 A.L.R. 453.

We, therefore, hold that the state and its subdivisions of government are bound by restrictions of this character the same as a private person, subject, however, to the exercise of power of eminent domain.

The plans for the contemplated building call for its construction much closer than 20 feet of the property line of Bellefonte Street, now Blackburn Avenue. This being a clear violation of the restrictive covenant relating to such construction, the court properly enjoined it.

The remaining question is whether the building for the enumerated purposes by the City-County Board of Health violates the restriction against the erection of a "business house of any kind."

It is the general, modern rule that ambiguous and doubtful covenants and restrictions upon the free alienation and use of property should be construed strictly and not enlarged or extended by implication, but the construction may not be used to defeat the obvious intention of the parties though that intention be not precisely expressed. Connor v. Clemons, 308 Ky. 9, 213 S.W.2d 438.

The application of the rule to particular restrictions often presents a difficult question. A restriction of the present kind as to "dwelling houses" does not exclude other kinds of buildings, for the qualification is only as to the minimum cost of such. A similar provision was held in Holliday v. Sphar, 262 Ky. 45, 89 S.W.2d 327, to permit use for a gasoline service station. However, in Dorsey v. Fishermen's Wharf

Realty Co., 306 Ky. 445, 207 S.W.2d 565, 567, the court expressed doubt as to the correctness of that decision. In the Dorsey case a similar restriction appeared in deeds to certain lots of a subdivision, one of which was involved in the litigation, while the deeds to the other lots contained the explicit provision that the property should never be used for other than residential purposes. Considering "all the facts and circumstances pertaining to the establishment" of the subdivision, the court held that the lot involved could not be used for a commercial purpose. In Connor v. Clemons, 308 Ky. 9, 213 S.W.2d 438, 439, the deeds barred a " 'building or structure to be used for business purposes' " and provided that " 'Not more than one structure to be used for residential purposes shall be erected on any one lot' ". We noted that there was some indication of an intention to restrict the use of the lots in the subdivision to residential purposes, but that intention was so ambiguously expressed that it could not be necessarily implied. So, the deed was construed not to bar the erection of a church, which all parties agreed was not for "business purposes." In the present conveyances, the restriction is against the erection "of any business house of any kind.". The question is whether the building proposed to be erected is to be regarded as a "business house," for the property is left open for anything else except a dwelling house below the minimum cost. Specifically, is a building to be used as an office, laboratory and clinic by a public board of health within the category of a "business house"? If such use had been foreseen, the parties might have included it within the exclusions. But a restrictive covenant cannot be extended or enlarged by construction or implication to accomplish a purpose that may have been included had future developments been foreseen. Magowan v. Young, 188 Ky. 74, 221 S.W. 234; Glenmore Distilleries Co. v. Fiorella, 273 Ky. 549, 117 S.W.2d 173; Connor v. Clemons, supra. The term "business" has a broad meaning and significance and may be used with many different connotations. It refers generally to a trade or occupation or to commercial, industrial

and professional engagements. It has been held that occupancy of a building as an armory and headquarters of a "home guard" or military unit, was not a business purpose within the meaning of a zoning ordinance. Snow v. Johnston, 197 Ga. 146, 28 S.E.2d 270. Where deeds to lots in a subdivision provided they should be used for residence purposes exclusively and that they should not be used for any "trade, business, manufacturing or mercantile purposes," the court took the view that the covenants must be read together and that the second gave color to the first; that the more reasonable concept of the language used was not that the exclusion of schools from the restricted area was contemplated but that it was intended to exclude private persons from carrying on any objectionable business in the restricted area. It was said the latter restriction was confined in its scope to things of the same general character, that is, to things of a business nature and structures which might be anticipated would be erected by private persons for private, commercial uses, and to negative any idea that it was intended to include public works within the restriction. So, the court held the use of the lots for a public school did not violate the covenants contained in the deeds. Moses v. Hazen, 63 App.D.C., 104, 69 F.2d 842, 98 A.L.R. 386.

 With the guidance of these principles and authorities, and considering the fact that the contemplated use is by an arm of the sovereign for governmental purposes, Allison v. Cash, 143 Ky. 679, 137 S.W. 245, and public convenience, we concur in the decision of the chancellor that the contemplated structure and use are not barred.

The judgment is affirmed on both the direct and cross appeals.