## McFARLAND et al. v. HANLEY et al.

Court of Appeals of Kentucky.
May 1, 1953.

Rehearing Denied June 12, 1953.

David D. Cline, Paris, for appellants.
Samuel Milner, Paris, for appellees.

DUNCAN, Justice.

Our determination of this appeal requires the construction of a restrictive covenant appearing in the deeds conveying several lots in what is known as Bourbon Parkway Subdivision, located near Paris. The area constituting the subdivision was divided into lots as shown by a plat recorded in the proper office, and the several deeds describe the property conveyed by reference to the lot numbers as shown on the plat.

The appellees are the owners of lots 60 through 66 and 72 through 82, inclusive, all in Block B. Each of the deeds to appellees either contain or specifically incorporate by reference to preceding deeds the following restriction, which, apparently, is common to all deeds covering lots in the subdivision:

"This conveyance is made however, subject to the following restrictions and conditions which are binding upon the party of the second part and their heirs and assigns: * * * (3) No dwelling on Paris and Lexington Boulevard shall cost less than six thousand dollars ($6,000) except 200 feet nearest the intersection of Hume & Bedford Road and the Paris-Lexington Boulevard, the said 200 excepted feet front the Paris and Lexington Boulevard. The said 200 feet may be used for business."

Appellants, who are owners of lots in the subdivision, suing for themselves and as representatives of the other owners, filed this declaratory judgment action in which it was alleged that the appellees were about to construct a restaurant building on the lots owned by them. They sought to have it declared that such use was prohibited under the terms of the deeds. It is conceded that the site of the proposed restaurant is not within the area described as the 200 feet which may be used for business purposes. No issues of fact are involved, and the only question presented is whether the quoted restriction, fairly construed, prohibits the use of appellees' lots for business purposes. The Chancellor answered the question in the negative.

Probably in no single subject of the law is there found a greater divergence of opinion among the courts of the several States than on the nature, extent, and construction of covenants restricting building and the use of land. Such covenants have been variously referred to as creating rights in the nature of servitudes, easements, equitable easements, amenities, reciprocal negative easements, or as equities in favor of adjoining land. Such rights are denominated in this State as mutual, reciprocal, equitable easements of the nature of servitudes in favor of owners of other lots of a plot of which all were once a part. Ashland-Boyd County City-County Health Dept. v. Riggs, Ky., 252 S.W.2d 922. There is also a contrariety of opinion as to whether such restrictions run with the land. Kentucky, with a majority of the jurisdictions, is firmly committed to the view that such covenants constitute property rights which run with the land.

It has been stated in most jurisdictions that since the law favors the free and untrammeled use of real property, restrictive covenants, being in derogation of the fee, are not favored by the law. From this concept, the rule has been evolved that such restrictions will be strictly construed in favor of the free use of property. The strict construction rule was followed and applied in Kentucky until comparatively recently in cases involving building restrictions or restrictions as to use. In some of the cases, the rule was given mere lip service because it was not permitted to defeat what was thought to be the intention of the parties as gathered from the instrument, circumstances of the parties, and the objects which it sought to attain. While recognizing the general application of the rule, it was written in Anderson v. Henslee, 226 Ky. 465, 11 S.W.2d 154, that where building restrictions are reasonable they are to be given the effect intended by the parties as gathered from the conveyance in the light of surrounding circumstances. This statement was approved in Glenmore Distilleries Co. v. Fiorella, 273 Ky. 549, 117 S.W.2d 173; Goodwin Bros. v. Combs Lumber Co., 275 Ky. 114, 120 S.W.2d 1024; and Meyer v. Stein, 284 Ky. 497, 145 S.W.2d 105.

Many States have recognized that in the present era when zoning and other measures have become a recognized means of fostering an orderly development of residential and business areas in metropolitan as well as some suburban areas, building restrictions are regarded more as a protection to the property owner and the public rather than as a restriction on the

use of property. This distinction was first recognized and applied by this Court in Dorsey v. Fishermen's Wharf Realty Co., 306 Ky. 445, 207 S.W.2d 565. In view of the distinction, it was there stated that the strict construction doctrine was not applicable to a restriction of that nature. In the later case of Connor v. Clemons, 308 Ky. 9, 213 S.W.2d 438, it was said that the strict construction rule will be applied only in instances where ambiguous language creates a doubt as to the intention of the parties. There, we considered two inconsistent restrictions, one of which militated against the construction contended for the other. The Connor case was followed in Ashland-Boyd County City-County Health Dept. v. Riggs, Ky., 252 S.W.2d 922.

In the present case, we do not have inconsistent restrictions such as were contained in the Connor case. Although not specifically prohibiting the construction of business buildings or the use of the lots for business purposes, the deeds involved very clearly fix a minimum cost for dwellings outside the area of 200 feet nearest the intersection of Hume and Bedford Road and the Paris-Lexington Boulevard. As to the excepted area it is specifically provided that it may be used for business. One primary rule of construction relating to all instruments is that every part of the instrument will be given meaning and effect when possible. A pertinent inquiry is: What was intended by the statement "the said 200 feet may be used for business"? To hold that the reservation was not intended to prohibit the use of the rest of the subdivision for business purposes would completely ignore the specific reference to the 200 foot area. The provision, apparently, was inserted for a purpose and was intended by the parties to be given some effect.

We think the conclusion is inescapable that the restriction in appellees' deeds was intended as a prohibition against the construction in Bourbon Parkway Subdivision of any buildings except dwellings at the minimum cost specified, except as to the 200 foot area which may be used for business purposes. From such a construc-

tion, it necessarily follows that appellees have no right to construct the proposed restaurant building.

The judgment is reversed with directions to enter one in conformity with this opinion.