William Hays, J. Smith Hays, Jr., Blake H. Page, Winchester, for appellee.

A. B. FORTNER, Jr., et al., Appellants,

v.

GULF REFINING COMPANY et al., Appellees.

Court of Appeals of Kentucky.

May 29, 1958.

Rehearing Denied Oct. 3, 1958.

Samuel Steinfeld, Steinfeld & Steinfeld, Louisville, for appellants.

Ogden, Galphin & Abell, Louisville, for Gulf Refining Co.

James W. Hendricks, Charles W. McKay, Louisville, for other appellees.

MONTGOMERY, Judge.

A. B. Fortner, Jr., and his wife seek a declaration that certain deed restrictions are unenforceable. They appeal from the judgment upholding the restrictions.

Appellants own a lot at the northeast corner of Third and Fairmont Streets in Louisville. They have contracted to sell the lot to Gulf Refining Company in the event the restrictions are removed. The refining company seeks the same relief sought by appellants. The action is resisted by owners of nearby residential property.

The property in question is a part of a subdivision originally known as Wilder Park. It was divided into over 400 lots in 1879. Initially, there was no general scheme or plan of restrictions for the subdivision as a whole. Subsequent conveyances sometimes imposed restrictions and sometimes did not, resulting in a hodge-podge.

The property conveyed to appellants was formerly known as Lots 10 and 11, Block 14. The deeds to the lots in Block 14 contained residential restrictions. By four deeds executed and recorded in 1900–02, Ruth S. Collins, then the owner, conveyed to different purchasers all of the lots, including the property in question, along the east side of Third Street between Evelyn Avenue and Fairmont Street.

The first of these deeds contained the following restriction:

"Said party of the second part hereby agrees and binds himself, that such improvements as shall be placed upon the property herein conveyed shall be for residence purposes only * * *."

The other three deeds contained a similar restriction.

Appellants acquired the lot in 1950 or prior thereto. From 1950 until the contract was made with the Gulf Refining Company, the three buildings on the lot were used as an ice cream bar, a cleaning establishment, and an office for a firm handling thermostats, respectively. No complaint was made that these uses violated the residential restrictions in the deeds. The houses are small, one-story, nearly square frame buildings set back from the sidewalk even with the line of the residences along this street. They, apparently, are thirty to forty years old and are similar in appearance to the other buildings in the neighborhood, but from the outside have the appearance of being equally adaptable to residential or commercial use. The lot fronts 100 feet on Third Street and 90 feet on Fairmont. Third Street for two or three blocks in each direction is solidly residential except for a gasoline service station on the southwest corner of Third and Fairmont Streets. The four corners of Third and Fairmont have been zoned for commercial use. The surrounding territory from two to five blocks from this intersection has been zoned for residential use. Third Street is shown to be heavily traveled and the neighborhood to be thickly populated.

It was argued before the Chancellor that the residential restriction should not be enforced because of: (1) a change in the character of the neighborhood; (2) lack of a plan for the restriction of Wilder Park as a whole; and (3) the commercial zoning of the four corners of Third and Fairmont Streets.

■ It was held that the principles applied in Franklin v. Moats, Ky., 273 S.W.2d 812, disposed adversely of the contentions so made. The Chancellor commented in his opinion: "The only material difference * * * is that Taylor Boulevard in the Franklin case is a broad arterial traffic artery and Third Street here involved is an old fashioned residential street with room for only four traffic lanes if parking is prohibited but only two if parking is permitted." We agree with the Chancellor.

The Franklin case was followed in Hardesty v. Silver, Ky., 302 S.W.2d 578, wherein an effort was denied to remove the restrictions in deeds to property located on Broadway Street in Louisville. In the Franklin and Hardesty cases, there was "considerable commercial development" on the opposite side of the street. Both of the streets involved were wide thoroughfares. It would serve no useful purpose to elaborate on the application of the rules set forth in those cases since they disposed of the same type contentions as are made here. See also Robbins v. Cornell, Ky., 311 S.W.2d 543, concerning change of condition and waiver, and Cochran v. Long, Ky., 294 S.W.2d 503, dealing with construction of highway as change of condition. The facts of the present case distinguish it from Bagby v. Stewart's Ex'r, Ky., 265 S.W.2d 75, and Goodwin Bros. v. Combs Lumber Co., 275 Ky. 114, 120 S.W.2d 1024, relied on by the appellants in this case and in the Franklin and Hardesty cases.

■ Appellants insist that the appellees, as owners of property in the same block, cannot enforce the restriction because the restriction did not run to the heirs or assigns of the covenantee and that the covenant should be strictly construed. The rule is stated in McFarland v. Hanley, Ky.,

258 S.W.2d 3, that covenants restricting building and use of land are mutual, reciprocal, and equitable easements of the nature of servitudes in favor of owners of other lots of a plot of which all were once a part, and constitute rights which run with the land. The east side of Third Street between Evelyn and Fairmont comprises the restricted plot here. The rule of strict construction applies only where ambiguous language creates a doubt as to the intention of the parties. Dorsey v. Fishermen's Wharf Realty Co., 306 Ky. 445, 207 S.W.2d 565; Connor v. Clemons, 308 Ky. 9, 213 S.W.2d 438; Ashland-Boyd County City-County Health Dept. v. Riggs, Ky., 252 S.W.2d 922. Korn v. Campbell, 192 N.Y. 490, 85 N.E. 687, 37 L.R.A.,N.S., 1, and Feinberg v. Board of Education, City of Louisville, 210 Ky. 737, 276 S.W. 823, are distinguishable on their facts.

 Ruth S. Collins, also the owner of other lots in Wilder Park, entered into agreements whereby she and other contemporary owners of realty in Wilder Park, not including Lots 10–18, Block 14, undertook to release each other from restrictions. There is no merit in appellant's argument that such agreements constituted a release of the restrictions here enforced since those agreements were made subsequent to the conveyances by Ruth S. Collins of Lots 10–18, Block 14, the grantees of which were not party thereto.

 The Chancellor held that appellants should be permitted to continue to use the subject property in a limited commercial manner. Appellees have prosecuted a cross-appeal from this part of the judgment. A similar contention was made in the Hardesty case, wherein it was held that by acquiescence in a violation of the restriction the other owners of lots in the restricted area waived any right to object to the continuance of such uses.

Judgment affirmed.