Frank M. BRANDON et al., Appellants,

v.

Paxton S. PRICE et al., Appellees.

Court of Appeals of Kentucky.

June 13, 1958.

Albert F. Reutlinger, Homer A. Sobel, Arthur W. Grafton, Robert L. Sloss, Louisville, for appellants.

Charles Speed Gray, Louisville, for appellees.

CULLEN, Commissioner.

The question is whether two houses may be built on one platted lot in a certain residential subdivision.

The appellee, Paxton Price, is the owner of a long, rectangular lot (No. 35) in Rolling Fields Section 3, a subdivision near Louisville. This lot and the adjoining lots front on Tiffany Lane. When the plat of the subdivision was recorded, the rear of these lots abutted on an undeveloped tract of land owned by the same subdividers, but there was an indication, on the plat, of the reservation of a strip of land along the rear of the lots for a future street, and subsequently the undeveloped tract was platted as another subdivision and the reserved strip became a street (Canoe Lane) in the new subdivision. So the rear of Mr. Price's lot, and of the adjoining lots, now abuts on Canoe Lane.

There is a house on Mr. Price's lot, and one on each of the adjoining lots, facing Tiffany Lane. Mr. Price desires to build another house on the rear of his lot, facing Canoe Lane, and he brought this action against other property owners in the subdivision for a declaration of rights. The circuit court entered judgment upholding Mr. Price's right to build the house, and the defendant property owners have appealed.

The evidence shows that Rolling Fields Section 3 was designed and has been developed as a high class residential subdivision. Mr. Price's lot, and the adjoining ones, are long, sloping lots particularly adapted for gracious living. On the plat, building set-back lines are designated, and with the exception of corner lots there is only one set-back line indicated for each lot.

A recorded "Declaration of Restrictions" requires that the set-back lines be observed, specifies minimum standards for the size of houses, and requires that the plans of each house be submitted to and approved by the subdividers. This declaration further specifies that "all lots shall be used for private single family residence purposes."

It is the contention of the appellants that in view of the restriction of use to "private single family residence purposes," the designation of set-back lines, and the general nature and character of the subdivision as a high class residential neighborhood, the restriction must be construed as prohibiting more than one house on any platted lot. They point out that since the strip along the rear of Mr. Price's lot was reserved for, and obviously was planned to become,

a street in another subdivision, the subdividers would have designated a set-back line along the rear of the lot had they intended to permit a house to be built facing that street. They argue that it is inconceivable that the subdividers would require a set-back on all other streets and then exempt this one.

The appellee maintains that a restriction against two houses on one lot can be enforced only if clearly and specifically expressed; that the declared restrictions do not meet this test; and, furthermore, that the evidence shows that the subdividers deliberately omitted making a clear and specific restriction because they thought the zoning regulations would prohibit more than one house on a lot. The fact is that the zoning regulations did contain such a prohibition when the subdivision was platted, but later (while this lawsuit was pending) the regulations were amended to remove the prohibition.

■ It is our opinion that in its context, the phrase "all lots shall be used for private single family residence purposes" means that only one private single family residence shall occupy each lot. We also think that "lot" means a *platted* lot, and that the device employed by Mr. Price of dividing Lot No. 35 by deed into two lots cannot be effective to avoid the restriction.

■ Under the modern view, building restrictions are regarded more as a protection to the property owner and the public rather than as a restriction on the use of property, and the old-time doctrine of strict construction no longer applies. Dorsey v. Fishermen's Wharf Realty Company, 306 Ky. 445, 207 S.W.2d 565; McFarland v. Hanley, Ky., 258 S.W.2d 3.

■ The evidence concerning the subdividers' deliberate omission of a more specific restriction, in reliance upon the zoning regulations, is not of controlling significance, because in our opinion the language actually used in the declaration of restrictions, when considered with the plat with which the restrictions are identified, is not so ambiguous as to permit resort to extraneous evidence.

The appellee relies upon Roberts v. Porter, 100 Ky. 130, 37 S.W. 485, in which it was held that more than one house could be built on a lot under a restriction providing "that said lot, when improved, shall have on it a brick residence, not less than 2½ stories high, and that said residence shall front Ormsby avenue." The Roberts case is distinguishable because the restriction in that case made no reference to "single family" use. Furthermore, that case was decided at a time (1896) when the old strict construction doctrine was in force.

The appellee also relies upon Goodyear Heights Realty Co. v. Furry, 33 Ohio App. 432, 170 N.E. 23 (decided in 1929), and Callaham v. Arenson, 239 N.C. 619, 80 S.E.2d 619 (decided in 1954). The Furry case, [33 Ohio App. 432, 170 N.E. 24] in which the restriction was to use for "private residence purposes only," is subject to the same comments as made above concerning the Roberts case. In the Callaham case [239 N.C. 619, 80 S.E.2d 622], where the restriction was that "no structure shall be erected, altered, placed or permitted to remain on any residential plot other than one detached single family dwelling," it was of some significance that the restriction referred to "residential plots" rather than to *platted lots*. The holding in the case was that an owner could divide his platted lot into smaller residential plots without violating the restriction. We do not consider the case to be persuasive authority under the facts here before us.

■ The general scheme and plan of the subdivision is an important factor. McLean v. Thurman, Ky., 273 S.W.2d 825; Parrish v. Newbury, Ky., 279 S.W.2d 229. Giving it proper consideration here, we have no doubt that the language used expresses a

**524**

restriction against more than one house on any platted lot.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.