RENDERED: MARCH 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0770-MR

ASHLEY W. SIMMS                                      APPELLANT

APPEAL FROM MASON CIRCUIT COURT
v.            HONORABLE DANIEL J. ZALLA, SPECIAL JUDGE
ACTION NO. 19-CI-00203

DEBORAH L. MASON AND JAMES
R. MASON                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND LAMBERT, JUDGES.

COMBS, JUDGE: This case arises from a property dispute over restrictive covenants. Appellant, Ashley W. Simms, appeals the judgment of the Mason Circuit Court entered following a bench trial conducted on February 24, 2022. Simms contends that the trial court erred by concluding that a structure erected on his property violated restrictive covenants binding upon his three-acre lot in Maysville. Finding no error, we affirm.

Appellee, Deborah L. Mason, and her late husband, Mike Mason, were the developers of Pleasant Ridge Subdivision, a community of fourteen building lots. Simms purchased his property in the development directly from the Masons; he was aware of the existence of the restrictive covenants. The parties agree that the Pleasant Ridge Subdivision Revised Conditions and Restrictions (the restrictive covenants) run with the land and are binding upon the Simms property. The restrictive covenants provide, in relevant part, as follows:

> Garages may be attached or unattached to the residence. Unattached garages and storage buildings must be located within the setback lines and must be constructed of the same material and exterior finish as the residence.
>
> . . . .
>
> No outbuilding, shed, tent, trailer, mobile home, modular home or double wide mobile home shall be erected or maintained on the subject property. . . . No travel trailers, campers or habitable motor vehicles, boats or accessory equipment of any nature shall be kept or stored on any part of the property, except in an enclosed garage. No trucks larger than a 1 ton pickup truck shall be parked within the subdivision. . . .
>
> . . . .
>
> No sign of any kind shall be displayed to the public view on any lot, except one sign of not more than five square feet advertising the property for sale.
>
> . . . .
>
> There shall be no nuisance permitted to take place on any lot, nor shall any owner allow an accumulation of

debris, junk, vehicles or other unsightly materials thereon.

James ("Russ") Mason, the second appellee, also owns property in the development.

On August 20, 2019, Deborah Mason and Russ Mason filed a complaint against Simms in Mason Circuit Court. They alleged that Simms was violating express terms of the restrictive covenants by keeping on view at his property an excessive number of personal vehicles, multiple tactical trucks produced for military use (Humvees), a farm tractor, and a utility trailer. In October 2019, they filed a motion for a temporary restraining order and injunction related to the accumulation of items on the property. In response, Simms began building a large structure on the property to store the vehicles and other personal property.

The circuit court conducted a bench trial on February 24, 2022. It heard testimony from Simms, who indicated that he began to construct the metal and vinyl-sided structure behind his brick home in late 2019. He received a permit from the county and, as a courtesy, submitted the building plans to the Masons. He admitted that the Masons expressly rejected his plan. However, he testified that construction of the building was substantially complete by the time that the Masons obtained a temporary restraining order to prevent its construction. He testified that there were accessory buildings behind other homes in the

development that did not appear to match the construction material or finish of the residences associated with them. He identified some of these as "sheds," which are expressly excluded by the terms of the restrictive covenants.

Deborah Mason testified that the restrictive covenants do not require approval before construction begins in the development. She admitted that the term "garage" is not defined by the restrictive covenants.

Russ Mason testified that most lots in the development have a residence, an attached garage, and a small storage building in the rear of the property for items like lawn mowers and other yard tools. He indicated that the Simms property includes a brick residence, an attached three-car garage, and a commercial-sized outbuilding constructed of vinyl siding with a metal roof.

The trial court rendered its findings and judgment in favor of the Masons on May 5, 2022. The court found that Simms violated the terms of its injunction entered in January 2020 by keeping on his property an excessive number of personal motor vehicles, three Humvees, two farm tractors, and a utility trailer. It found that the disputed structure built by Simms to store these items (measuring 40 feet by 56 feet and erected some distance from the residence) was not constructed of the same building material as the home. The court noted that another outbuilding of a similar size in the development had been the subject of litigation commenced by the Masons in 2018. In that litigation, the circuit court

-4-

determined that the disputed structure was a "grandfathered" building -- an exception to the restrictive covenants not applicable to these proceedings.

The trial court concluded that the presence of the vehicles (including the utility trailer) and a "do not enter" sign erected on the property plainly violated the restrictive covenants. Interpreting the terms of the restrictive covenants to reflect the intention of the parties, the court concluded that the disputed structure built by Simms was not an unattached garage but a prohibited "outbuilding" instead. It held that provisions of the restrictive covenants had not been waived and that the Masons were entitled to enforce them. The court ordered that the outbuilding be dismantled. It also ordered the Humvees, excess personal vehicles, farm tractors, utility trailer, other accessory equipment, and the prohibited signage be removed from the property.

Its judgment was entered on May 11, 2022. Simms's motion to alter, amend, or vacate was denied. This appeal followed.

Because this case was tried before the court without a jury, we will not disturb the court's factual findings unless they are clearly erroneous. Kentucky Rules of Civil Procedure ("CR") 52.01. A finding of fact is not clearly erroneous if it is supported by substantial evidence, which is "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409,

414 (Ky. 1998). In our review, we must recognize that the trial court is in the best position "to determine the credibility of witnesses and the weight to be given the evidence." *Uninsured Employers' Fund v. Garland*, 805 S.W.2d 116, 118 (Ky. 1991) (citation omitted). The trial court's conclusions of law, including the interpretation or construction of restrictive covenants, are reviewed *de novo. Colliver v. Stonewall Equestrian Estates Ass'n, Inc.*, 139 S.W.3d 521 (Ky. App. 2003).

Simms argues that the trial court erred by failing to characterize the disputed structure as an "unattached garage" expressly permitted by the restrictive covenants. He reasons that any structure used to store vehicles and other personal items is reasonably regarded as a "garage." Furthermore, Simms argues that the language of the restrictive covenants must be interpreted to permit his *over-sized* garage because the restrictions expressly permit storage of "travel trailers, campers or habitable motor vehicles, boats or accessory equipment" in an "enclosed garage." He contends that a garage of sufficient dimensions to accommodate these items is necessarily over-sized. He explains that "[a]nyone who knows anything about travel trailers or habitable motor vehicles would not expect them to be housed in a normal size garage with small doors." Simms specifically rejects the trial court's reliance on the atypical size, doorway dimensions, location,

construction material, and exterior finish of the building to determine that the structure is not permitted under the provisions of the restrictive covenants.

"'[Restrictive covenants] are regarded more as a protection to the property owner and the public rather than as a restriction on the use of property, and the old-time doctrine of strict construction no longer applies.'" *Hensley v. Gadd*, 560 S.W.3d 516, 521 (Ky. 2018) (quoting *Triple Crown Subdivision Homeowners Ass'n, Inc. v. Oberst*, 279 S.W.3d 138, 140 (Ky. 2008) (quoting *Brandon v. Price*, 314 S.W.2d 521, 523 (Ky. 1958)). "[T]he construction [of restrictive covenants] may not be used to defeat the obvious intention of the parties though that intention be not precisely expressed." *Ashland-Boyd County City-County Health Dep't v. Riggs*, 252 S.W.2d 922, 925 (Ky. 1952) (citing *Connor v. Clemons*, 308 Ky. 9, 213 S.W.2d 438 (1948)). The scheme or plan of development and surrounding circumstances must also be considered. *Brandon*, 314 S.W.2d 521.

The Masons planned and developed a distinctive neighborhood. The restrictive covenants that they implemented were meant to protect the cohesive appearance they envisioned for the community. We reject Simms's assertion that his oversized structure must be a garage because a typical garage cannot accommodate "travel trailers, campers habitable motor vehicles, boats or accessory equipment" -- various items expressly authorized for storage by the provisions of

-7-

the restrictive covenants. The reasoning underlying his premise is unsound and merely conclusory as Simms has presented no evidence to show that the various items referenced in the restrictions could not be fitted in garages properly integrated into the neighborhood. Furthermore, Simms did not indicate that he stored any of these items in the challenged structure. The trial court did not err in its interpretation of the restrictive covenants on this basis.

Next, Simms argues that garage design standards outlined by the provisions of the restrictive covenants have been waived. In the alternative, he contends that the appearance of his outbuilding substantially complies with those requirements. To the extent that these issues are relevant, we disagree in light of our review of the trial court's analysis.

Referring to other outbuildings in the neighborhood, Simms argues that there was "no strict adherence to matching the exterior of accessory buildings to the main residence." The restrictive covenants require that "*unattached garages . . . must be constructed of the same material and exterior finish as the residence.*" (Emphasis added.) As we noted in *Colliver*, 139 S.W.3d at 525:

> The rule of law in regard to waiver of restrictions was succinctly stated in *Bagby v. Stewart's Ex'r*, Ky., 265 S.W.2d 75, 77 (1954):
>
> "A change in the character of the neighborhood which was intended to be created by restrictions has generally been held to prevent their enforcement in equity, where it is no longer

> possible to accomplish the purpose intended by
> such covenant...."

(quoting 14 Am.Jur. *Covenants* § 302, page 646).

> Arbitrary enforcement of covenants does not necessarily render covenants unenforceable. Instead, when arbitrary enforcement has resulted in a fundamental change in the character of a neighborhood, the purpose of the covenants may be defeated and accordingly become unenforceable.

> > "Where the restrictive covenant has not been rigidly enforced, and where certain structures and uses have been tacitly permitted which are violative of the strict terms, but where, in spite of such relaxation, there still remains something of substantial value to those entitled to benefit by its provisions, they are still entitled to enforce it insofar as they were not affected by the principles of estoppel and waiver. Applying this principle, it seems clear that under the testimony there is no estoppel, and there has been no waiver of the right to object to the building and operation of structures which partake in no degree whatever of the character of residences within this subdivision[.]"

> *Hardesty v. Silver*, Ky., 302 S.W.2d 578, 582 (1956) (quoting *Polk Manor Co. v. Manton*, 274 Mich. 539, 265 N.W. 457, 458 (1936)).

Again, the trial court was in the best position to evaluate the evidence. While the entirety of Pleasant Ridge's restrictive covenants may not have been rigidly enforced, the evidence appears to support the trial court's finding that the Masons acted promptly to address issues that arose. Consequently, the character of the neighborhood to be protected by the restrictive covenants did not change

-9-

materially over time. The trial court did not err by concluding that the covenant regarding the construction and appearance of unattached garages has not been waived by a lack of enforcement. It did not err by concluding that even if Simms's structure could be characterized as an "unattached garage," it nevertheless violated the provisions of the restrictive covenants.

Finally, Simms argues that even if the design restrictions have not been waived, his structure "is in substantial compliance *with the underlying purpose* of the Restrictive Covenants -- to have garages and storage buildings that generally match the main residence." (Emphasis added.) He acknowledges that the building materials of the residence and the outbuilding "do not match at the moment." However, Simms explains that he intends to replace the roof of the residence with a metal roof when it requires replacement. He points out that the vinyl-siding of the outbuilding matches the color of the vinyl portions of his residence.

Restrictive covenants governing the use of real property are enforceable according to their terms. *Hensley*, *supra.* The fact that the design scheme of the outbuilding **almost** matches the required design scheme for unattached garages in the neighborhood does not support Simms's argument. The court did not err by concluding that Simms's structure was not a garage and that

the construction materials and exterior appearance of the outbuilding violated the terms of the restrictive covenants.

We affirm the judgment of the Mason Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Scott A. Best
Florence, Kentucky

BRIEF FOR APPELLEES:

A. Claire Estill
Maysville, Kentucky