ACQUISITION OF PROPERTY BY SCHOOL DISTRICT — METHOD — EFFECT OF RESTRICTIVE COVENANTS (1) A school district that purchases property for school purposes within the confines of a residential development is not bound by the restrictive covenants allowing only residential use of that property. (2) There is no distinction with regard to the rights acquired by a school district taking said property by warranty deed or by condemnation proceedings with particular reference to the extent and degree of the estate taken, excepting the desirability of warranties The Attorney General has considered your letter of January 22, 1971, wherein on behalf of the State Department of Education you request the opinion of the Attorney General with regard to the following questions: 1. Is a school district that purchases a house in a residential development for school purposes bound by a restrictive covenant that allows only residential use of same? 2. Is there a distinction between the rights acquired by a school district in the use of property where acquired by a warranty deed or by condemnation proceedings? With respect to the first question, we cite Doan v. Cleveland Short Line Ry. Co., 92 Ohio St. 461, 112 N.E. 505, wherein the Supreme Court of Ohio dealt with the question of whether a covenant restricting the use of lots within a residential addition would act against a state agency vested with the right of eminent domain. In that case the Court viewed the covenant as illegal and void for the reason that it would act to prevent the exercise of the right of eminent domain. In so ruling, the Court stated: "Where an allotter adopts a plan for the improvement of his allotment whereby the use of the lots is restricted exclusively for residence purposes, such restriction cannot be construed as applying to the State or any of its agencies vested with the right of eminent domain in the use of the lots for public purposes." In the Doan case the lots in question were purchased by the defendant railroad, and the plaintiff sought to enjoin the construction of a railway thereon. In denying plaintiff injunctive relief, the Court states further: "Where a company or any agency of the state vested with the right of eminent domain has acquired lots in such an allotment and is using the same for public purposes, no claim for damages arises in favor of the owners of the other lots on account of such use." The instant question is one of similar circumstance in that the Putnam City School District is vested with the right of eminent domain, pursuant to Title 27 O.S. 5 [27-5] which provides: "Local governments and cemeteries — Eminent domain — Any county, city, town, township, school district, or board of education, or any board or official having charge of cemeteries created and existing under the laws of this State, shall have power to condemn lands in like manner as railroad companies, for highways, rights of way, building sites, cemeteries, public parks and other public purposes." Although the Oklahoma Supreme Court has not ruled on this question it appears that the general rule in this area is that restrictive covenants do not act against those State agencies vested with the right of eminent domain. In Doan v. Cleveland Short Line Ry. Co. it appears the railway did not choose to exercise its eminent domain authority; instead, it elected to purchase the disputed lands. Nevertheless, the Court held the restrictive covenants void and invalid. Applying the rationale of the Doan case to the present question it follows that the purchase of properties without the exercise of vested eminent domain authority would not alter the ultimate result. Also cited in this connection is Moses, et al. v. Hazen, 63 App. D.C. 104, 69 F.2d 842, wherein the Court dealt with an appeal from proceedings granting condemnation on certain lands for school purposes. The syllabi in that case read, to wit: "Covenants in deeds whereby use of sub-division property for `trade, business, manufacturing, and mercantile purposes' was prohibited, held not to restrict public use for school purposes, though covenants recited that all buildings erected should be residential." "Building restrictions in covenants in deeds to lots in sub-division held mere contractual rights not binding on government, which government could take without compensation in condemning property for purely governmental use." With respect to the second question, I believe there is no appreciable distinction between those rights acquired by warranty deed and those acquired by condemnation proceedings. In the case of Hazen, et al. v. State, ex rel Williamson, Attorney General, 184 Okl. 306,87 P.2d 127, the Supreme Court of Oklahoma in deciding the extent of an estate condemned under the applicable condemnation statutes states: "Whether condemnation proceedings by the State will pass greater interest in realty than easement depends primarily on ultimate purpose to be accomplished or occasion to be met, as determined from language employed by legislation in particular act authorizing acquisition." The Court states further: "Whether condemnor be the State or municipality, method of procedure for condemnation of land is the same as procedure for condemnation of land for railroad purposes. Okl. St. Ann. 292, 305, 665, 670; 27 O.S. 5 [27-5], 66 O.S. 57 [66-57]." In the case of City of Cushing v. Gillespie, et al., 265 P.2d 418, in deciding the extent of the estate taken by condemnation proceedings the Court states: "In determining the extent or quantum of estate taken by virtue of condemnation proceedings, the court will examine the statute authorizing the condemnation and the proceedings instituted pursuant thereto, and will determine what estate or interest is reasonably necessary to serve the public purpose in view. "A condemnor is not required to go to the full extent permitted by law, but may voluntarily restrict itself to so much of the landowner's interest as the public need actually requires." In the instant question, it appears the purpose for making the acquisition is to carry on classes and other school functions. The very nature of the purpose intended for this acquisition points to a perpetual and continued use. In reading these statutes together with the Doan case, we must conclude that condemnation proceedings instituted as prescribed by 66 O.S. 57 [66-57] renders a fee simple title. General property law provides that a lesser estate can be conveyed by warranty deed. It is assumed, that your question refers to the conveyance of a fee simple title by warranty deed. The pertinent statutes with regard to warranty deeds are 16 O.S. 19 [16-19] and 16 O.S. 29 [16-29], which provide, respectively:" 19. Warranty deed conveys what — Implied Terms — A warranty deed made in substantial compliance with the provisions of this chapter, shall convey to the grantee, his heirs or assigns, the whole interest of the grantor in the premises described, and shall be deemed a covenant on the part of the grantor, that at the time of making the deed he is legally seized of an indefeasible estate in fee simple of the premises and has good right and full power to convey the same; that the same is clear of all incumbrances and liens, and that he warrants to the grantee, his heirs, and assigns, the quiet and peaceable possession thereof, and will defend the title thereto against all persons who may lawfully claim the same, and the covenants and warranty shall be obligatory and binding upon any such grantor, his heirs and personal representatives as if written at length in such deed." "29. Fee simple — Exception — Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words." It is therefore, the opinion of the Attorney General that both of the questions propounded herein be answered in the negative, for the following reasons. There is no distinction between the extent of the estate acquired by warranty deed or condemnation proceedings, providing the acquisition in perpetuity is reasonably necessary for the public purpose. Although estates acquired by warranty deed do carry rights of guarantee and warranty, there is no distinction as to the extent of the estate conveyed. Also, it is concluded that covenants restricting the use of property to residential purposes only is not binding upon school districts acquiring such property for school purposes, and this result is not altered, if the property is acquired by either warranty deed or condemnation proceedings. (Michael D. Tinney)