**HIGHBAUGH ENTERPRISES INCORPORATED, Appellant,**

v.

**DEATRICK AND JAMES CONSTRUCTION COMPANY, Terry L. Davis and Betty M. Davis, Appellees.**

Court of Appeals of Kentucky.

May 20, 1977.

Discretionary Review Denied Sept. 13, 1977.

Harold W. Thomas and M. Larry Miller, Miller & Thomas, Louisville, for appellant.

Harry L. Hargadon, Jr., Hargadon, Lenihan & Harbolt, Louisville, for appellees Terry L. and Betty M. Davis.

Deatrick & James Const. Co. not represented by counsel.

Before HOWARD, LESTER and WILHOIT, JJ.

HOWARD, Judge.

This is a case involving a restrictive covenant contained in a deed from plaintiff-appellant Highbaugh Enterprises Incorporated, hereinafter referred to as "Highbaugh" to defendants-appellees Terry L. Davis and Betty M. Davis, hereinafter referred to as the "Davises". Deatrick and James Construction Company was the contractor for the Davises.

The pertinent provisions of the restrictive covenant are as follows:

*Page 1*

WHEREAS, it is desirable to protect said subdivision by appropriate restrictions as to the use and improvement of the property therein and to make said subdivisions more desirable for residential purposes,

1. All lots shall be known and described as residential lots and shall be used only for residential purposes.

2. No structure shall be erected, altered, placed or permitted to remain on any lot in the subdivisions except a single private dwelling or residence designed for the occupancy of one family . . .

*Pages 3–4, par. 4, Sentences 4–5*

In addition to these specific requirements all (a) construction plans; (b) building specifications, including the materials used; (c) a plan showing the grade eleva-tion and site location of the structure on the lot; (d) the location, plans and specifications for any driveways; (e) a sample of the brick or stone; shall be submitted to the Developer or such agent or successor as it may designate and are all subject to the approval in writing of Developer or such agent or successor as it may designate. As to Lots 515 through 538 (both inclusive) and Lots 546 through 560 (both inclusive) in said subdivisions a landscaping plan showing trees, shrubs and other plantings shall also be submitted to Developer or such agent or successor as it may designate and such plan is subject to the approval in writing of Developer or such agent or successor as it may designate.

The Davises built a concrete parking pad on the front end of their lot to which Highbaugh objected to as being in violation of the aforementioned restrictions. The Davises did submit a landscaping plan to the committee that oversaw these matters for Highbaugh but same was rejected by the committee. The Davises refused to alter this plan and proceeded to construct the pad. Highbaugh filed suit and was granted a temporary restraining order which stopped the construction.

The trial court concluded, after hearing all the evidence, that the Davises were not in violation of the restrictions as the pad was not a "structure" and the landscaping provision applied only to trees and shrubbery. The trial court held that restrictive covenants, such as those in this case, had to be strictly construed against the party who seeks the impediment.

We think that this was a misapplication of the law. Ever since the case of *Brandon v. Price,* 314 S.W.2d 521 (Ky.1958) was decided, Kentucky has approached restrictive covenants from the viewpoint that they are to be regarded more as a protection to the property owner and the public rather than as a restriction on the use of property, and that the old-time doctrine of strict construction no longer applies.

It is clear that the intention of the parties, as shown by the provisions of the Deed of Restrictions quoted above, controls and that the Appellees, Davises, were required to submit all of their proposed plans for construction and/or location of improvements on their lot to appellant for its approval. Moreover, the Deed of Restrictions clearly permits appellant to disapprove those plans if it determines that the proposed plans would make the subdivision less desirable for single family residential purposes. Parking facilities, such as the one here in issue, containing a parking pad and the integrally connected surrounding walkway together with associated bushes and other plantings clearly falls within the scope of this requirement.

Also, the provision of the deed as to landscaping should not be so strictly construed as to limit the scope of the landscaping plan to only trees, shrubs, and other plantings. We think that the landscaping plan must also show such other construction as would reasonably relate to landscaping as that term is generally accepted, which would include a parking pad.

Accordingly, we hold that the decision of the committee was not arbitrary or unreasonable and that the trial court should have upheld same.

This case is reversed for further proceedings consistent with this opinion.

ALL CONCUR.